COTHRUM DRILLING COMPANY et al., Appellants,

v.

Melinda Sue PARTEE, Independent Executrix of the Estate of Dorothy Ann Turner, Deceased, Appellee.

No. 11–88–248–CV.

Court of Appeals of Texas, Eastland.

May 17, 1990.

Rehearing Denied June 14, 1990.

C. Michael Ratliff, Moore, Dickson, Roberts & Ratliff, Sweetwater, P. Michael Jung, Strasburger & Price, William Chaney, Ruth Ann Norton, Bell, Boyd & Lloyd, Dallas, for appellants.

Charles R. Griggs, Nunn, Griggs, Jones & Sheridan, Sweetwater, John T. Ferguson, Weaver & Ferguson, G. Ben Bancroft, Bancroft & Mouton, Big Spring, for appellee.

## OPINION

DICKENSON, Justice.

This is a suit for conversion. The trial court rendered judgment on the jury's verdict that plaintiff[1] recover the sum of $250,000. Defendants[2] appeal. We reverse and render as to the defendants who were not served until the statute of limitations had run on the claims against them.[3] We modify the trial court's judgment, giving the other defendants credit for $25,000 paid in settlement by a former defendant.[4] As modified, the judgment of the trial court is affirmed as to the defendants who were served before the statute of limitations had run.

## FACTUAL BACKGROUND

Gary Turner of Turner Properties ordered a mast and substructure (component parts of an oil and gas drilling rig) from Joe Austin Poe of Sweetwater Drilling Company, Inc., paying $278,500 for that equipment in October of 1981. Cothrum Drilling Company had also ordered two sets of masts and substructures from Poe of Sweetwater Drilling Company. All three sets were manufactured by Rig Structures and Supply Co., Inc. The three masts and substructures were completed at different times, and all three sets were shipped to Cothrum Drilling Company. S. Theis Rice of Cothrum Drilling Company testified that they became aware of the fact that they had received an extra mast and substructure. Rice said that Poe was not cooperating with them in connection with some other matters and that "[w]e retained the set as a bargaining tool." The bills of lading show that the last shipment of equipment from Rig Structures to Cothrum was on December 1, 1981. In late December, defendants' drilling superintendent called Rice and told him that he thought they had enough pieces to rig up an additional mast and substructure.

Roger Brown of Turner Properties testified that he called Rice in the latter part of

1. Melinda Sue Partee, Independent Executrix of the Estate of Dorothy Ann Turner, Deceased, was substituted as plaintiff when Mrs. Turner died (after the suit was filed in 1983 but prior to the trial in 1988). Mrs. Turner and her former husband, Gary Turner, had done business as Turner Properties prior to their divorce. She received these assets in connection with their divorce and continued doing business as Turner Properties.

2. Judgment was entered against the partnership (Cothrum Drilling Company) and, jointly and severally, against its individual partners: Cothrum–Rice Company, S.E. Cothrum, S. Theis Rice, and the parties listed in Footnote 3.

3. Those defendants are Herman Ulevitch; Allen Bookatz d/b/a Allen Bookatz Company; Marvin Gardner, Trustee; Norman Moize; Vernon S. Smith; James W. Smith; William Phelps, M.D.; and John P. Cheek, M.D.

4. Rig Structures and Supply Co., Inc. manufactured the equipment which had been purchased by Turner Properties but which was shipped to Cothrum Drilling Company.

January 1982 and said: "I think you have our mast and substructure." Rice said that he would check on it. Brown testified that Rice called him back about ten days later, confirming that Cothrum had the equipment. The oil and gas drilling industry had become depressed after this equipment was ordered, and the mast and substructure which had cost $278,500 were subsequently sold for $25,000.

Defendants argue that they came into possession of plaintiff's equipment lawfully because of a mistake and that they offered to return the equipment to plaintiff after they figured out what had happened and satisfied themselves that the equipment belonged to plaintiff rather than Sweetwater Drilling Company.

### JURY VERDICT

The jury's verdict reads in pertinent part as shown:

### QUESTION NO. 1

You are instructed that the term "converted" means the exercise of dominion over the personal property of another without consent of the owner and to the exclusion of the owner's right of possession and use. Wrongful intent is not an element, and it makes no difference that possession may have originally been acquired by lawful means. The essence of conversion is not the acquisition of property by the wrongdoer, but a wrongful deprivation of it to the owner, although a temporary deprivation will be sufficient; and it is immaterial what subsequent application was made of converted property, or that Cothrum Drilling Company derived no benefit from the act. You are further instructed that where property has been converted, the owner is under no obligation to take it back upon a tender by the wrongdoer, and such a tender back of the property has no bearing on the action for damages arising out of a conversion. The owner does not lose his right of action for damages against the person committing the con-

version merely by accepting the proceeds derived from sale of the personalty.

DO YOU FIND FROM A PREPONDERANCE OF THE EVIDENCE THAT COTHRUM DRILLING COMPANY, ACTING THROUGH THEIS RICE,[5] CONVERTED, AS THAT TERM IS DEFINED HEREIN AND UNDER THE ABOVE INSTRUCTIONS, THE MAST AND SUBSTRUCTURE OF TURNER PROPERTIES?

ANSWER: We do

### QUESTION NO. 2

Find from a preponderance of the evidence the month, day and year on which the conversion occurred.

ANSWER: 12-15-81

### QUESTION NO. 3

WHAT DO YOU FIND FROM A PREPONDERANCE OF THE EVIDENCE WAS THE REASONABLE CASH MARKET VALUE, IF ANY, OF THE MAST AND SUBSTRUCTURE IN QUESTION, CONVERTED BY COTHRUM DRILLING COMPANY, IF YOU HAVE FOUND THAT IT DID CONVERT THE SAME, AT THE TIME OF CONVERSION IN GARVIN COUNTY, OKLAHOMA?

ANSWER: $250,000

### QUESTION NO. 4

DO YOU FIND FROM A PREPONDERANCE OF THE EVIDENCE THAT COTHRUM DRILLING COMPANY ACTED WILLFULLY, MALICIOUSLY OR WITH GROSS NEGLIGENCE IN CONVERTING THE MAST AND SUBSTRUCTURE, IF YOU HAVE FOUND THAT IT DID CONVERT THE SAME?

By the term "Willfully and maliciously" is meant the intentional doing of a wrongful act without just cause or excuse; that is, if a wrongful act is intentionally done without just cause or excuse for believing it to be right or legal, or done with conscious disregard to the right of other, then such act is willfully

---

5. S. Theis Rice was one of the partners in Cothrum Drilling Company.

or maliciously done. Willfulness and intent may be inferred by the actions and conduct of the wrongdoer. "Gross negligence" means a reckless or wanton disregard of another's rights.

ANSWER: <u>We do not</u>

The jury did not answer the exemplary damage question because of the negative answer to Question No. 4.

## POINTS OF ERROR

Defendants have briefed six points of error, arguing that the trial court erred: (1) in its definition of the term "converted" in the court's charge to the jury; (2) in failing to instruct the jury in accordance with defendants' requested instruction on the law of conversion; (3) in its definition of the term "wrongful deprivation" in the court's charge to the jury; (4) in rendering judgment against the individual members of the Cothrum Drilling Company partnership; (5) in rendering judgment against S. Theis Rice and S.E. Cothrum; and (6) in computation of the damages awarded. There is no challenge to the sufficiency of the evidence.

Plaintiff agrees that defendants are correct as to Point of Error No. 6 and agrees that they are entitled to credit for the $25,000 which was paid by Rig Structures & Supply Co., Inc.

## INSTRUCTIONS TO JURY

Defendants' first three points of error complain of the court's instructions to the jury. Defendants argue that the trial court erroneously instructed the jury on "conversion" and "wrongful deprivation" in connection with Question No. 1, quoted in full supra. Defendants also argue that the trial court erred in refusing to give the following instruction to the jury on the question of conversion:

In connection with this Special Issue you are instructed that property is converted when an entity appropriates such property for its own use and enjoyment, or exercises wrongful dominion over such property, in repudiation of the owner's rights, or inconsistent with such ownership rights.

You are further instructed that there can be no conversion if possession was acquired lawfully and no demand for the property was made or the possessor did not refuse to return the property on demand. A possessor may refuse to surrender property for a reasonable length of time after demand when it has reasonable doubt about the claimant's right to immediate possession.

After several hours of deliberation, the jury sent a note to the trial judge which asked: "Could you please elaborate on the phrase 'wrongful deprivation'? Is it 'wrongful deprivation' if the exact owner is not known?" In response to that note, the trial judge sent an additional written instruction to the jury which reads in full as shown:

Ladies and Gentlemen of the Jury:

In response to your questions, you are further instructed that exact knowledge of the true ownership of property is not necessary to conversion, provided the reason for retaining the property is wrongful.

Defendants argue that the trial court's instructions on the law of conversion were "entirely erroneous and completely prejudicial to a defendant who innocently receives property and tenders the return of the property to the rightful owner." We disagree. The trial court did not err in overruling defendants' objections to the charge nor in refusing defendants' requested instruction.

The Supreme Court has made it clear that "wrongful intent" is not an element of conversion. *Dolenz v. Continental National Bank of Fort Worth*, 620 S.W.2d 572 at 576 (Tex.1981); *Waisath v. Lack's Stores, Inc.*, 474 S.W.2d 444 at 447 (Tex. 1971). The Supreme Court also has held that a "demand and refusal" are not necessary if the other evidence establishes an act of conversion. *Presley v. Cooper*, 155 Tex. 168, 284 S.W.2d 138 at 141 (Tex.1955). Defendants' decision to keep the equipment, which they knew did not belong to them, as a "bargaining tool" (against the third party which defendant thought was

the owner) constituted an act of conversion. The first three points of error are overruled.

## JUDGMENT AGAINST PARTNERS

██ Defendants argue in Points of Error Nos. 4 and 5 that the trial court erred in rendering judgment against the individual members of the Cothrum Drilling Company partnership.[6] We agree with appellants that the trial court erred in rendering judgment against the individual partners who were not served with citation before the statute of limitations had run. See TEX. CIV.PRAC. & REM.CODE ANN. sec. 17.-022 (Vernon 1986) which states:

Citation served on one member of a partnership authorizes a judgment against the partnership *and the partner actually served.* (Emphasis added)

This statute does not authorize a judgment against the partners who were not served before the claims against them were barred by the statute of limitations. See *Wooster v. Hoecker*, 195 S.W. 332 at 335 (Tex.Civ. App.—Galveston 1917, no writ); Annot., 8 A.L.R.2d 6 at 112 and 127 (1949); 51 Am. Jur.2d *Limitation of Actions* sec. 282 (1970).

TEX.CIV.PRAC. & REM.CODE ANN. sec. 16.068 (Vernon 1986) permits the amendment of pleadings after the statute of limitations has run to change "the facts or grounds of liability or defense," but this section does not authorize the addition of new defendants after the claims against them have been barred by limitation. Point of Error No. 4 is sustained insofar as it challenges the judgment rendered against partners who were not served with citation until the statute of limitations had run on the claims against them. Point of Error No. 5 is overruled.

## CREDIT FOR SETTLEMENT

██ Plaintiff agrees that defendants are entitled to credit for the $25,000 paid in settlement by Rig Structures and Supply Co., Inc. The sixth point of error is sustained. See also *McCrary v. Taylor*, 579 S.W.2d 347 at 350 (Tex.Civ.App.—Eastland 1979, writ ref'd n.r.e.).

The judgment of the trial court is reversed as to the defendants who were not served with citation before the statute of limitations had run on the claims against them (see Footnote 3); modified to give the remaining defendants (see Footnote 2) credit for the $25,000 paid in settlement by Rig Structures and Supply Co., Inc., so that plaintiff is now entitled to recover the sum of $225,000 from Cothrum Drilling Company, Cothrum–Rice Company, S.E. Cothrum, and S. Theis Rice, jointly and severally, with interest on that amount at the rate of 10 percent per annum from December 15, 1981, until paid. Judgment is rendered that plaintiff take nothing from the defendants listed in Footnote 3.

Reversed and rendered in part; and modified and affirmed in part.

ARNOT, Justice, dissenting.

I dissent. The first point of error should be sustained because the trial court erred in its definition of the term "converted." The supplemental instruction (which was given in response to the jury's note after several hours of deliberation) is an improper comment on the evidence.

The jury should have been instructed to determine whether Cothrum exercised dominion over Turner's personal property without Turner's consent and to the exclusion of Turner's right of possession and use. If the jury found that Cothrum's use of the rig as a bargaining tool with Poe was an exercise in dominion of Turner's property to the exclusion of Turner's right of possession, then the jury could have found Cothrum converted Turner's property. However, under the instruction, if the jury found that Cothrum's actions toward Poe were wrongful, then the jury must automatically find that Cothrum converted Turner's property. The evidence does not show that Cothrum acted inconsistent with Turner's possession. Once notified of Turner's claim, Cothrum took ten days to

---

6. Cothrum Drilling Company filed for bankruptcy, but its former members did not. The Bankruptcy Court apparently lifted the automatic stay.

verify Turner's ownership. This was not an unreasonable amount of time. But for the court's instruction, the jury could have found that Cothrum's action toward Turner was not conversion but merely a determination of Turner's right to possession of the rig. Because it led the jury to but one conclusion, the court's instruction was an improper comment on the evidence. The error was not harmless under TEX.R. APP.P. 81(b)(1).

The judgment of the trial court should be reversed, and the cause should be remanded for trial of plaintiff's cause against Cothrum Drilling Company, Cothrum–Rice Company, S.E. Cothrum, and S. Theis Rice.