Melinda Sue PARTEE, Independent Executrix of the Estate of Dorothy Ann Turner, Deceased, Appellant,

v.

William PHELPS and John P. Cheek, Appellees.

No. 05–91–01165–CV.

Court of Appeals of Texas, Dallas.

June 30, 1992.

John T. Ferguson, Big Springs, for appellant.

Bill C. Hunter, William Chris Wolffarth, Megan B. Rachel, Kevin A. Ganci, William B. Chaney, Raymond P. Harris, Jr., Dallas, for appellees.

Before BAKER, BURNETT and ROSENBERG, JJ.

OPINION

ROSENBERG, Justice.

Melinda Sue Partee, as independent executrix of the estate of Dorothy Ann Turner, deceased, appeals from a summary judgment rendered in favor of William Phelps and John P. Cheek on the basis of res judicata or collateral estoppel. Partee sought a judgment against Phelps and Cheek for a debt represented by a prior judgment against a partnership in which they were partners. However, Phelps and Cheek were excluded from liability in that previous judgment. In a single point of error, Partee contends that a judgment is a debt that she can enforce in a separate and new cause of action against Phelps and Cheek based on section fifteen of the Texas Uniform Partnership Act. We overrule Partee's point of error. We affirm the trial court's judgment.

## FACTUAL AND PROCEDURAL HISTORY

In a previous action, Partee successfully prosecuted a conversion suit against the partnership, Cothrum Drilling Company, and all the partners, including Phelps and Cheek. *See Cothrum Drilling Co. v. Partee,* 790 S.W.2d 796, 797 (Tex.App.—Eastland 1990, writ denied). Partee originally sued Cothrum Drilling Company and three of its partners seeking a joint and several money judgment for the conversion of a drilling rig. Later Partee joined Phelps, Cheek and six other partners as defendants. After a jury trial, the trial court entered judgment against the partnership, Cothrum Drilling Company, and against the partners jointly and severally.[1] The trial court rejected a statute of limitations defense raised by Phelps and Cheek. An appellate court reversed the judgment against Phelps and Cheek and rendered judgment in their favor based on limitations. *Cothrum Drilling Co.,* 790 S.W.2d

at 797. The appellate court affirmed the trial court's judgment as to the partners who were served before the statute of limitations had run. *Cothrum Drilling Co.,* 790 S.W.2d at 797.

Partee then filed this action in the trial court seeking a judgment against Phelps and Cheek individually for the partnership debt represented by the prior final judgment.[2] Both Phelps and Cheek filed motions for summary judgment urging identical grounds of res judicata and collateral estoppel. The trial court granted both motions for summary judgment.

In her sole point of error, Partee argues that the summary judgment should not have been granted because a judgment is a debt that can be enforced against a partner in a separate cause of action using the judgment as the basis of liability. Partee relies on section fifteen of the Texas Uniform Partnership Act, which provides that all partners are liable jointly and severally for all debts and obligations of the partnership. TEX.REV.CIV.STAT.ANN. art. 6132b, § 15 (Vernon Supp.1992). Phelps and Cheek contend that the summary judgment should be sustained on the theory of res judicata or collateral estoppel. They argue that the original action was fully litigated and resulted in a judgment relieving Cheek and Phelps of liability. We agree that res judicata bars appellant's cause of action.

## SUMMARY JUDGMENT

Summary judgment may be rendered only if the pleadings, depositions, admissions and affidavits show that (1) there is no genuine issue as to any material fact and (2) the movant is entitled to judgment as a matter of law. TEX.R.CIV.P. 166a(c); *see Rodriguez v. Naylor Indus., Inc.,* 763 S.W.2d 411, 412 (Tex.1989). A summary judgment seeks to eliminate patently unmeritorious claims and untenable defenses,

---

1. The partners who were held jointly and severally liable include: Cothrum–Rice Company; S.E. Cothrum; S. Theis Rice; Herman Ulevitch; Allen Bookatz, d/b/a Allen Bookatz Company; Marvin Gardner, Trustee; Norman Moize; Vernon S. Smith; James W. Smith; William Phelps,

M.D.; and John P. Cheek, M.D. *See Cothrum Drilling Co.,* 790 S.W.2d at 797.

2. Partee filed her petition against other partners along with Phelps and Cheek. After granting summary judgment in appellees' favor, the court severed that judgment making it a final order.

not to deny a party its right to a full hearing on the merits of any real issue of fact. *Brooks v. Sherry Lane Nat'l Bank,* 788 S.W.2d 874, 876 (Tex.App.—Dallas 1990, no writ).

 In a summary judgment proceeding, the defendant, as movant, must either (1) disprove at least one element of each of the plaintiff's theories of recovery or (2) plead and conclusively establish each essential element of an affirmative defense, thereby rebutting the plaintiff's cause of action. *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex. 1979). A summary judgment for the defendant disposing of the entire case is proper only if, as a matter of law, the plaintiff could not succeed upon any theory pleaded. *Delgado v. Burns,* 656 S.W.2d 428, 429 (Tex.1983).

### A. Res Judicata

 The doctrine of res judicata bars subsequent collateral attacks on a final judgment. *Matthews Constr. Co. v. Rosen,* 796 S.W.2d 692, 694 (Tex.1990). Once a claim puts in issue a question of fact or law that is determined by a court of competent jurisdiction, it cannot be further litigated in a subsequent suit between the same parties or their privies. *Wright v. Wright,* 710 S.W.2d 162, 164 (Tex.App.—San Antonio 1986, writ ref'd n.r.e.); *In re V.M.B.,* 559 S.W.2d 901 (Tex.Civ.App.—Amarillo 1977, writ ref'd n.r.e.). The purpose of the rule is to preserve the sanctity of judgments. *Matthews Constr. Co.,* 796 S.W.2d at 694. Essentially, when a prior judgment is offered in a subsequent suit in which there is identity of parties, issues, and subject matter, such judgment is treated as an absolute bar to the re-trial of claims pertaining to the same cause of action on the theory that they have been merged into the judgment. *Bonniwell v. Beech Aircraft Corp.,* 663 S.W.2d 816, 818 (Tex.1984). Res judicata is not limited to any particular class of courts but applies to all courts, either trial or appellate, so long as they keep within their powers. *Coulson v. City of San Angelo,* 286 S.W.2d 202, 204

(Tex.Civ.App.—Austin 1956, writ ref'd n.r.e.).

### B. Nature of a Judgment

 A judgment is what the court pronounces and is the traditional declaration by which the issues are settled. *Lewis v. Terrell,* 154 S.W.2d 151, 153 (Tex.Civ. App.—Austin 1941, writ ref'd w.o.m.). A final judgment is one that awards judicial consequences that the law attaches to facts and determines controversies between the parties over subject matter included in the pleadings, thus terminating litigation to the extent that nothing remains to be done but to execute the judgment. *Speer v. Stover,* 711 S.W.2d 730, 734 (Tex.App.—San Antonio 1986, no writ). A final judgment rendered by an appellate court after reviewing the lower court's judgment has the same conclusive effect upon the parties as a final and unappealed adjudication of a trial court, and such judgment is regarded as a final determination of every question involved in the appeal, whether it was noticed in the decision or not. Tex.R.Civ.P. 434.

### C. Application of Law to Facts

 The single issue in this appeal involves the application of the doctrine of res judicata. Specifically, the question is whether a final judgment against a partnership and its partners bars a subsequent suit grounded on enforcement of the partnership judgment between the same parties concerning the same act of conversion. We hold that the second suit is barred by the first judgment.

Partee contends that she has a new and independent cause of action against Phelps and Cheek, individually, based on enforcement of the partnership judgment rendered against Cothrum Drilling Company in the prior suit. Partee argues that the present case is not barred by res judicata because the prior suit was based on conversion. Because the trial court held Cothrum Drilling Company liable for conversion, Partee argues that the prior final judgment provides her with a new basis of liability against Phelps and Cheek as partners of Cothrum Drilling Company. Partee seeks a personal judgment against Phelps and

Cheek pursuant to section fifteen of the Texas Uniform Partnership Act, which provides that all partners are jointly and severally liable for all debts and obligations of the partnership. TEX.REV.CIV.STAT.ANN. art. 6132b, § 15 (Vernon Supp.1992). Partee is correct in that all partners are jointly and severally liable for the partnership's debts. However, Partee's argument fails to consider the entire scope of the prior judgment.

In the prior case, the trial court entered judgment against the partnership, Cothrum Drilling Company, and against the partners jointly and severally.[3] *See Cothrum Drilling Co.*, 790 S.W.2d at 797. Although the judgment against Cothrum Drilling Company is based on conversion liability, it is apparent that the basis for the trial court's judgment against the individual partners is derived from section fifteen of the Texas Uniform Partnership Act, making all partners jointly and severally liable for partnership obligations. However, the appellate court reversed as to Phelps and Cheek based on their defense of limitations. *Cothrum Drilling Co.*, 790 S.W.2d at 800. The appellate court issued a mandate rendering a take-nothing judgment in favor of Phelps and Cheek because they were not served with citation before the statute of limitations had run. It is the substance of the judgment, not the form, that is significant, and no particular wording or phraseology is required. *Commissioners' Court v. Emerson*, 441 S.W.2d 889, 897 (Tex.Civ. App.—Fort Worth 1969, writ ref'd n.r.e.). The substance of the appellate court's judgment relieves Phelps and Cheek from joint and several liability on Cothrum Drilling Company's obligation.

The appellate court's judgment is a final judgment because it determines the controversy between the parties and awards judicial consequences. *See Speer*, 711 S.W.2d at 734. The judgment is a judicial declaration regarding Phelps' and Cheek's liability. *See United States Fidelity & Guar. Co. v. Richey*, 18 S.W.2d 231, 235 (Tex.Civ.App.— Texarkana 1929, writ ref'd). Moreover, the appellate court's judgment is conclusive and binding on the parties and is regarded as a final determination of the question of Phelps' and Cheek's joint and several liability. *See* TEX.R.CIV.P. 434.

The function of the res judicata doctrine is to prevent parties to an action from relitigating, in a subsequent proceeding, a controversy or issue already determined by a valid judgment. *Griffin v. Holiday Inns of Am.*, 480 S.W.2d 506, 507 (Tex.Civ. App.—Austin 1972), *aff'd*, 496 S.W.2d 535 (Tex.1973). To invoke the doctrine of res judicata, the prior judgment must involve the same issues, the same subject matter, and the same parties or those in privity. *Coalition of Cities for Affordable Util. Rates v. Public Util. Comm'n*, 798 S.W.2d 560, 563 (Tex.1990).

The term "subject matter," for purposes of determining the existence of the same subject matter for application of the doctrine of res judicata, refers to the claim or controversy in the earlier suit and not to the transaction out of which it arose. *Lemons v. State*, 570 S.W.2d 593, 596 (Tex. Civ.App.—Amarillo 1978, writ ref'd n.r.e.). Although Partee's prior cause of action arose out of the partnership's acts of conversion, the claims against the partners were for joint and several liability pursuant to section fifteen of the Texas Uniform Partnership Act.

Although Partee contends that she has a new and independent cause of action, Partee's claim for recovery against Phelps and Cheek in this action is the same as that involved in the prior suit. Partee's present suit seeks only to avoid the effect of the prior judgment. This is an impermissible collateral attack on a valid final judgment. The prior judgment is conclusive on the issue of Phelps' and Cheek's joint and several liability and is not subject to collateral attack. Because the present case involves the same parties, same issues, and same subject matter, it is barred by res judicata.

We overrule Partee's sole point of error. The trial court's judgment is affirmed.

---

**3.** See footnote one for a listing of the partners held jointly and severally liable.