**Ann Acheson LITTLE, Independent Executrix of the Estate of Virginia Harmon Acheson, Deceased, Appellant,**

**v.**

**AIR FORCE VILLAGE FOUNDATION, INC., Appellee.**

No. 04–96–00393–CV.

Court of Appeals of Texas,
San Antonio.

Feb. 27, 1998.

Rehearing Overruled April 21, 1998.

Marsha Lynn Montgomery, James E. Davis, Novakov, Davidson & Flynn, P.C., Dallas, for appellant.

Samuel H. Bayless, A.W. Worthy, Gresham, Davis, Gregory, Worthy & Moore, P.C., San Antonio, for appellee.

Before RICKHOFF, GREEN and JOHN G. HILL,[1] JJ.

## OPINION

JOHN G. HILL, Justice (Assigned).

Ann Acheson Little, Independent Executrix for the estate of Virginia Harmon Acheson, deceased, appeals from a summary judgment in favor of Air Force Village Foundation, Inc., in the amount of $5099.00 plus interest and attorney's fees. She asserts in two points of error that the trial court erred in granting summary judgment in favor of Air Force Village, allowing it to recover its charges for the nursing home care of Mrs. Acheson based on a contract between Air Force Village and General and Mrs. Acheson because there is a genuine issue of material fact as to the meaning of the contract and because there is a genuine issue of material fact with respect to the estate's defense of fraudulent inducement. Air Force Village urges in two cross points of error that the trial court erred in granting the estate's motion for summary judgment, denying Air Force Village recovery for nursing charges incurred by General Acheson, and the reasonable attorney's fees necessary to recover them.

We reverse the judgment and remand for further proceedings because: (1) the trial court erred in granting summary judgment for Air Force Village for nursing home charges charged when Mrs. Acheson received nursing home care at the facility, because the contract between Air Force Village and the Achesons is ambiguous as to whether such charges are due and therefore Air Force Village failed to establish as a matter of law that the charges were owed; and (2) the trial court erred in granting summary judgment that Air Force Village take nothing with respect to nursing home charges charged when General Acheson received nursing home care at the facility, because its claim was not barred by prior litigation, since the claim had not accrued at the time of the prior litigation and was therefore not a compulsory counterclaim.

The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law; in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true; and every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor. *Nixon v. Mr. Property Management*, 690 S.W.2d 546, 548–49 (Tex.1985).

The Achesons became residents of Air Force Village on June 16, 1981. Their relationship with the village is governed by a contract entered into on July 3, 1981. As

---

1. Assigned to this case by the Chief Justice of the Supreme Court of Texas.

part of that contract the Achesons contracted to pay, for the privileges of the use and occupancy of a type "L" unit, a "Founder's Gift" of $43,548.00. The contract provided that upon payment by the Achesons of the "Founder's Gift" that Air Force Village, subject to the provisions of the contract, agrees to furnish them, among other things, nursing care in the Air Force Village's nursing home when required for minor injuries and illnesses of short duration for as long as they occupy a unit and general care, including nursing care, in the nursing home when they become permanently physically incapacitated and cannot sustain himself or herself in their residential unit, assuming that the care required is within the professional capabilities of the Air Force Village's nursing home and its staff.

The only financial obligation mentioned in the contract, other than payment of the "Founder's Gift," is a monthly service charge that, according to the contract, is set for the type of unit that the resident actually occupies. The contract also provides that the charge is to be in an amount fixed by Air Force Village and is to be the same as that fixed for similar type units in Air Force Village, based upon the cost of operation of Air Force Village. The contract allowed for adjustments in the monthly fees when warranted. In the case of the Achesons, the contract provided that their unit was a type "L." The contract also noted that Air Force Village bore no responsibility for furnishing or paying for any medical care outside of its facility.

When General Acheson began receiving care in the nursing home, Air Force Village charged an additional amount above what had been the monthly service charge for his care in the nursing home and charged it to the Achesons. While they at first paid the additional amount, the Achesons later contested payment of the additional amount. They consistently paid the regular monthly service charge for their unit, but did not pay the additional charge for the nursing home care. Later, after General Acheson's death, Mrs. Acheson required nursing home care. Again, she paid her regular monthly service charge but did not pay additional amounts added by Air Force Village for her nursing home care.

In a case involving Air Force Village and other parties, but the same contract, this court, in an unpublished opinion, reversed a trial court ruling that the contract did not provide for the charges sought by Air Force Village, holding that the contract in question is ambiguous with respect to such charges. In subsequent litigation between those other parties, Mrs. Acheson and others intervened, requesting reformation of the contract based upon fraud and, alternatively, seeking declaratory relief that Air Force Village is not entitled to the additional fee based upon the contract as it exists. Following a jury trial, the trial court awarded judgment in favor of Mrs. Acheson and others involved in the lawsuit. On appeal, this court reversed and rendered that Mrs. Acheson and others take nothing because their claims for reformation and declaratory judgment were barred by the statute of limitations.

■ This is a suit for debt based upon a contract. One would consider it quite basic that in order to recover one would have to make a showing to the court that the defendant owed the plaintiff money under the terms of the contract. Assuming that is so, in order to be entitled to summary judgment on such a claim, one must establish, as a matter of law, that the defendant owes the plaintiff money under the contract. Air Force Village, in its motion for summary judgment, only alleges that it charged for the nursing home services and that the Achesons did not pay for most of them, not alleging that as a matter of law it was entitled to make such charges under the terms of the contract. Rather, it sets out the facts concerning the other litigation to which we have referred, including reference to the fact that every court that has considered the issue has either held that the contract is unambiguous and that under the contract the residents are not required to pay such additional nursing home charges or, as in the case of this court, that the contract is ambiguous as to whether Air Force Village might require such payments. Air Force Village is not entitled to summary judgment upon a debt governed by a contract where that contract is ambiguous

because there is a genuine issue of material fact as to whether the Achesons, under this contract, ever owed Air Force Village any of the charges it now seeks to collect. *See Chapa v. Benavides Mill & Gin Co.,* 420 S.W.2d 464, 467 (Tex.Civ.App.—San Antonio 1967, writ ref'd n.r.e.) (holding that where, as here, there is a question relating to the true meaning of an ambiguous instrument, summary judgment is improper).

Air Force Village asserts in its motion for summary judgment and in this appeal that it is entitled to summary judgment because the Acheson estate may not, based upon the doctrines of res judicata and collateral estoppel, make any assertion to the contrary. Air Force Village bases this assertion upon the results of the litigation in the other cases to which we have referred. The other litigation established that this contract is ambiguous concerning the issue as to whether the estate owes anything to Air Force Village for additional nursing home charges. It also established that the statute of limitations had run with respect to any effort to either reform this contract due to fraud or to seek declaratory judgment as to whether Air Force Village was authorized under the contract to make such charges. In the prior cases to which we have referred, the trial court each time resolved this issue on its merits in favor of the residents involved in the suit. In neither case did the appellate court reach the merits of whether the contract authorized such charges.

The Texas Supreme Court indicates that "res judicata is the generic term for a group of related concepts concerning the conclusive effects given final judgments." *Barr v. Resolution Trust Corp. ex rel. Sunbelt Federal Sav.,* 837 S.W.2d 627, 628 (Tex.1992). There are two principal categories within this general doctrine: claim preclusion, also known as res judicata, and issue preclusion, also known as collateral estoppel. *Id.* "Res judicata, or claims preclusion, prevents the relitigation of a claim or cause of action that has been finally adjudicated, as well as related matters that, with the use of diligence, should have been litigated in the prior suit. Issue preclusion, or collateral estoppel, prevents relitigation of particular issues already resolved in a prior suit." *Id.* The court in *Barr* ultimately concluded that the doctrine of res judicata prevents a second action if it arises out of the same subject matter of a previous suit and which, through the exercise of diligence, could have been litigated in a prior suit. *Id.* at 631.

■ The merits of Air Force Village's claim that the Acheson estate owes it money has not previously been litigated. Since it is not the Achesons' claim, they could not have previously litigated the merits of the claim except by declaratory judgment. Mrs. Acheson sought to do so, but was precluded from doing so by the statute of limitations. We therefore hold that the doctrine of claim preclusion, or res judicata, does not bar the Acheson estate from asserting that the contract between the Achesons and Air Force Village does not provide for charges for nursing home care in addition to the regular monthly service charge charged to its residents.

■ We likewise note that the matter at issue here, whether the contract authorizes Air Force Village to make such additional nursing home charges to its residents, has not been previously resolved. As previously noted, the trial courts have previously resolved the issue in favor of the residents, while this court, in two unpublished opinions, has found the contract to be ambiguous with respect to the issue and has found that certain of the residents, including Mrs. Acheson, are precluded by the statute of limitations from either reforming the contract or obtaining a court determination of whether Air Force Village is authorized to make such charges. Because the issue of whether the contract between Air Force Village and the Achesons authorizes Air Force Village to make such charges for nursing home services as those it made the Achesons in this case has not been previously resolved, we hold that the Acheson estate is not barred by the doctrine of issue preclusion, or collateral estoppel, from asserting that Air Force Village is not authorized by the contract to make such nursing home charges as it sought to make.

Air Force Village relies upon three cases for its assertion that the final take-nothing

judgment in the other case bars the Acheson estate from arguing that Air Force Village is not entitled, under the contract between it and the Achesons, to the charges that it imposed for care in its nursing home. The three cases are *Matter of Hansler,* 988 F.2d 35 (5th Cir.1993); *Barr,* 837 S.W.2d at 627; and *Partee v. Phelps,* 840 S.W.2d 512 (Tex. App.—Dallas 1992, no writ).

In *Matter of Hansler,* the Court held that where a plaintiff's claim for conversion arising out of an equipment lease was held in state court to be barred by limitations, a subsequent claim in federal court for unpaid rent arising out of the same transaction was barred by the doctrine of res judicata. 988 F.2d at 37–38.

In *Barr,* Sunbelt Savings sued a partnership on a note and in a separate suit sought to recover from a partner individually based upon his unconditional guarantee of the note. 837 S.W.2d at 628. After Sunbelt's claim against the partner was denied because the guarantee was too uncertain to be unenforceable, Sunbelt amended its claim against the partnership, seeking to recover from the same partner, this time basing his liability on his partnership status. *Id.* The Court held that Sunbelt's second claim against the partner was barred by the doctrine of res judicata because it arose out of the same transaction and subject matter and, through the exercise of diligence, could have been litigated in a prior suit. *Id.* at 631. In *Partee,* the plaintiff brought a suit for conversion against a partnership and its partners. 840 S.W.2d at 513. The trial court awarded a judgment against the partnership and against the partners, based upon their liability for partnership obligations. *Id.* On appeal, the Court held that limitations barred the judgment against the partners and rendered judgment that the plaintiff take nothing as to the individual partners. The plaintiff brought a subsequent suit against the individual partners based upon the judgment obtained against the partnership and their liability for partnership obligations. *Id.* The Court held that res judicata prevented the second suit seeking to impose individual liability against the same two persons based upon the same transaction. *Id.* at 514–15.

In all three of those cases, a prior case had determined that the plaintiff was precluded from recovering against the defendant or defendants in the second case. In *Matter of Hansler* and *Partee,* limitations barred the plaintiff from recovering a judgment against the defendant or defendants. In *Barr,* an uncertain guarantee prevented the plaintiff's recovery in the first suit. In this case, the limitations bar in the Acheson's suit to reform the contract and in the declaratory judgment did not determine that Air Force Village was entitled to recover for the additional nursing home charges. As noted above, the estate is not barred by res judicata from denying Air Force Village's claim because that claim has not previously been litigated, whether the denial is based upon the lack of authority under the contract for additional nursing home charges or whether it is based upon fraudulent inducement. We sustain the estate's points of error numbers one and two.

As previously noted, Air Force Village presents two cross points of error in which it urges that the trial court erred by granting the estate's motion for summary judgment precluding it from recovering nursing home charges for General Acheson, as well as attorney's fees necessary to collect them. The trial court granted a summary judgment that Air Force Village take nothing with respect to its claim for nursing home charges for General Acheson, as well as the attorney's fees necessary to collect them. The trial court granted the summary judgment on the basis that because the claims were a compulsory counterclaim under Rule 97, TEX.R. CIV. P., they are barred by the judgment in this court in *Air Force Village Foundation, Inc. v. Bullock,* No. 04–90–00709–CV (Tex.App.— San Antonio March 11, 1992, writ denied) (ordered not published).

Rule 97(a) of the Texas Rules of Civil Procedure provides in part:

[a] pleading shall state as a counterclaim any claim within the jurisdiction of the court, not the subject of a pending action which at the time of filing the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of

the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction[.]

"A counterclaim is compulsory if: (1) it is within the jurisdiction of the court; (2) it is not at the time of filing the answer the subject of a pending action; (3) the action is mature and owned by the pleader at the time of filing the answer; (4) it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; (5) it is against an opposing party in the same capacity; and (6) it does not require for its adjudication the presence of third parties over whom the court cannot acquire jurisdiction." *Wyatt v. Shaw Plumbing Co.*, 760 S.W.2d 245, 247 (Tex.1988).

 Air Force Village's claim for the nursing home charges accrue "on the day that the dealings in which the parties were interested together cease" for purposes of the statute of limitations. TEX. CIV. PRAC. & REM.CODE ANN. § 16.004 (Vernon 1986). Based upon that provision of the statute of limitations, Air Force Village urges that because the parties were jointly obligated for each other's charges at its facility and because its dealings with Mrs. Acheson were ongoing, that its claim was not mature and therefore was not a compulsory counterclaim. We agree with Air Force Village that its claim for nursing home charges against General Acheson did not accrue until the death of Mrs. Acheson and, consequently, the claim was not mature and therefore not a compulsory counterclaim under Rule 97.

The Acheson estate contends that the dealings in which the parties were interested together ceased when General Acheson died so that Air Force Village's claim for his nursing home charges accrued at his death. While this contention may be true as to any claim Air Force Village might have had against General Acheson's estate, we construe sec. 16.004 so that it did not accrue as to Mrs. Acheson because she was jointly liable for the debt and the dealings in which she and Air Force Village were interested together had not ceased. We sustain Air Force Village's cross points of error numbers one and two.

The judgment is reversed and this cause remanded for further proceedings.