

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00415-CV

JOYCE STRANGE, INDIVIDUALLY
AND AS TRUSTEE FOR THE
JOYCE STRANGE MARITAL
TRUST

APPELLANT

V.

THE ESTATE OF W.L. "RUSTY"
LINDEMANN, DECEASED; AND
GERALDINE T. LINDEMANN, THE
INDEPENDENT EXECUTRIX OF
SUCH ESTATE

APPELLEES

----------

## FROM THE 97TH DISTRICT COURT OF ARCHER COUNTY

----------

## OPINION

----------

Joyce Strange, individually and as trustee for the Joyce Strange Marital Trust, appeals the trial court's final summary judgment for appellees, the Estate of W.L. "Rusty" Lindemann and the Estate's executrix, Geraldine T. Lindemann (collectively, the Estate). We affirm.

## Background

Strange sued Rusty and his company, W.L. Lindemann Operating Co. (the company), in 2001 claiming that they had either drained oil from beneath properties upon which she held two oil and gas leases, failed to properly produce her leases, or both. *W.L. Lindemann Operating Co. v. Strange*, 256 S.W.3d 766, 772 (Tex. App.—Fort Worth 2008, pet. denied). A jury found that

- substantial drainage had occurred from one of the leases;

- the company had failed to act as a reasonably prudent operator by failing to prevent the substantial drainage;

- the company willfully commingled oil production from Strange's lease and two other leases; and

- the company committed fraud against Strange.

*Id.* at 772–73. The jury awarded Strange $709,052 for the substantial drainage, $1,627,300 for the willful commingling, $233,300 for the fraud, and $200,000 in exemplary damages. *Id.* Because Strange elected to proceed on her fraud rather than her drainage claim, the trial court rendered a judgment for $1,860,600 plus $200,000 in exemplary damages against the company. *Id.* at 773.

Although Strange obtained a verdict and judgment against the company, the jury specifically found that Rusty had not operated the leases and did not commit fraud against Strange. Thus, the trial court rendered a take-nothing judgment in Rusty's favor. *Id.* Strange did not appeal that judgment. *Id.* The company appealed the $2,060,600 judgment against it; we affirmed the fraud

2

findings and related damages but reversed and rendered a take-nothing judgment on the willful commingling claim. *Id.* at 788.

On May 18, 2009, after this court's judgment in the company's appeal was final, Strange sued Rusty, claiming that after the trial court rendered the judgment against the company in Strange's favor, it became apparent to Strange that the company "had always been undercapitalized . . . and had never had sufficient assets to fund its operations." Strange also alleged that the company "was organized and operated as a mere tool or business conduit of [Rusty] and was [his] alter ego." Thus, she sought to collect the judgment against the company from Rusty by piercing the corporate veil, alleging (1) that he had used the company as a sham to perpetuate a fraud, (2) that the company was his alter ego, (3) that he used the company to evade legal obligations, (4) that he kept the company inadequately capitalized, and (5) that he committed actual fraud. Rusty filed a general denial and raised as an affirmative defense that the suit is a collateral attack on the take-nothing judgment in his favor and, thus, is barred by res judicata.

Rusty died after the second suit was filed, and the trial court granted a writ of scire facias allowing the suit to go forward against the Estate. The Estate answered and also raised the affirmative defense of res judicata and improper collateral attack on the take-nothing judgment, as well as collateral estoppel, limitations, and laches.

3

Strange filed a traditional motion for summary judgment claiming that she conclusively proved that the company was a sham and merely an alter ego for Rusty. The Estate then filed both traditional and no-evidence motions for summary judgment. The Estate alleged eighteen different elements for which it contended Strange could produce no evidence. The traditional motion claimed that the Estate could conclusively prove its affirmative defense of res judicata.

After granting most of the Estate's objections to Strange's summary judgment evidence, and considering only the two traditional motions for summary judgment and responses, the trial court denied Strange's motion and granted the Estate's. Strange then appealed to this court.

### Propriety of Summary Judgment for the Estate

In two issues, Strange argues that the trial court erred by granting summary judgment for the Estate and by denying her motion for summary judgment.

### Standard of Review

We review a summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). We consider the evidence presented in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding evidence contrary to the nonmovant unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *20801,*

4

*Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008). A plaintiff is entitled to summary judgment on a cause of action if it conclusively proves all essential elements of the claim. *See* Tex. R. Civ. P. 166a(a), (c); *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex. 1986). A defendant is entitled to summary judgment on an affirmative defense if the defendant conclusively proves all the elements of the affirmative defense. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508–09 (Tex. 2010); *see* Tex. R. Civ. P. 166a(b), (c). To accomplish this, the defendant-movant must present summary judgment evidence that conclusively establishes each element of the affirmative defense. *See Chau v. Riddle*, 254 S.W.3d 453, 455 (Tex. 2008).

**Analysis**

The Estate argues primarily that of the five veil-piercing theories pled by Strange, only the actual fraud theory is available to her, and because the jury in the first suit found that Rusty had not committed fraud, her attempt to enforce the judgment against the company is, in effect, an impermissible collateral attack on the take-nothing judgment in Rusty's favor that is barred by res judicata.

Section 21.223 of the Business Organizations Code provides that a corporation's shareholder may not be held liable to the corporation's obligees for "any contractual obligation of the corporation *or any matter relating to or arising from the obligation* on the basis that the holder . . . is or was the alter ego of the corporation or on the basis of actual or constructive fraud, a sham to perpetrate a fraud, or other similar theory [or] the failure of the corporation to observe any

5

corporate formality" unless the holder "caused the corporation to be used for the purpose of perpetrating and did perpetrate an actual fraud on the obligee primarily for the direct personal benefit of the holder." Tex. Bus. Orgs. Code Ann. § 21.223 (West 2012) (emphasis added). The actual fraud exception is "exclusive and preempts any other liability imposed for that obligation under common law or otherwise." *Id.* § 21.224. Thus, Strange could obtain a judgment against Rusty in this veil-piercing suit only by proving that Rusty himself committed an actual fraud against Strange.[1] *See Willis v. Donnelly*, 199 S.W.3d 262, 272–73 (Tex. 2006).

Typically, a postjudgment suit against an alleged alter ego is not a collateral attack on the prior judgment, and thus is not barred by res judicata. *See, e.g.*, *Matthews Constr. Co. v. Rosen*, 796 S.W.2d 692, 694 (Tex. 1990). But this veil-piercing suit is distinguishable because Rusty, a shareholder, was a party to the prior suit, obtained a jury finding that he had not committed fraud in connection with the allegations arising from the company's operation of Strange's lease, and also obtained a take-nothing judgment in his favor based in part on that finding. *See Partee v. Phelps*, 840 S.W.2d 512, 514–15 (Tex. App.—Dallas 1992, no writ) (holding that res judicata barred subsequent suit against individual

---

[1]The caselaw upon which Strange relies to argue that section 21.223 does not exclude other theories of liability, such as alter ego and sham to perpetuate a fraud, predates January 1, 2006, the effective date of the 2003 amendments to the statute. *See* Tex. Bus. Orgs. Code Ann. § 1.002(20) (West 2012); Act of May 13, 2003, 78th Leg., R.S., ch. 182, § 1, sec. 1.002(20), § 17, 2003 Tex. Gen. Laws 267, 304, 597.

partners for enforcement of judgment against partnership when individual partners were parties to first suit but judgment against them for joint and several liability of partnership debt was reversed on appeal because of their limitations defense). The question we must answer, then, is whether the claim for actual fraud in this veil-piercing suit is therefore barred by res judicata.

Res judicata bars a second suit between the same parties to a final judgment if the second suit is based on the same claims that were raised or could have been raised in the first action. *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996). For res judicata to apply to a claim, that claim must have been in existence when the first suit was filed. *In re D.W.G.*, 391 S.W.3d 154, 167 (Tex. App.—San Antonio 2012, no pet.); *Hernandez v. Del Ray Chem. Int'l, Inc.*, 56 S.W.3d 112, 116 (Tex. App.—Houston [14th Dist.] 2001, no pet.).

As summary judgment evidence, the Estate presented, among other things, the original and fourth amended petition in the first suit, the jury charge in the first suit, the two judgments in the first suit, this court's opinion and judgment in the company's appeal of the judgment against it, and the original petition in this veil-piercing suit. This court's opinion in the company's appeal details the evidence and allegations in the first suit: we held that the evidence was sufficient to uphold the finding of fraud against the company based primarily on evidence of Rusty's acts and omissions. *W.L. Lindemann Operating Co.*, 256 S.W.3d at 776–80. Nevertheless, when asked whether Rusty or the company operated

7

Strange's lease, the jury answered that the company and not Rusty was the operator. And when asked whether Rusty or the company committed fraud, the jury answered that the company did but Rusty did not. *Id.* at 773. These are the ultimate findings upon which the trial court's take-nothing judgment for Rusty was based. In her petition in this veil-piercing suit, Strange alleged as follows regarding actual fraud:

> The Charge of the Court in the previous lawsuit, Jury Question 15, specifically asked if [the company] committed fraud against [Strange], to which the jury answered, "YES." . . . As such, it is indisputable that the corporation committed actual fraud upon [Strange], and the corporate veil should be pierced and [Rusty] should be held individually liable.

Thus, Strange's fraud allegation in this veil-piercing suit is based on the same facts alleged and tried in the first suit. As such, it is a collateral attack on the take-nothing judgment for Rusty rather than merely an attempt to enforce the judgment against the company.

We conclude and hold that the Estate conclusively proved as a matter of law its affirmative defense that Strange's veil-piercing claim is barred by res judicata and that the trial court did not therefore err by granting the Estate's motion for summary judgment on that affirmative defense. *See In re Staley*, 320 S.W.3d 490, 504–05 (Tex. App.—Dallas 2010, no pet.); *Partee*, 840 S.W.2d at 514–15; *cf. Willis*, 199 S.W.3d at 271–73 (holding that shareholder could not be held liable for corporation's contractual obligation because narrow exceptions to section 21.223 had not been proven as jury had rejected fraud claim at trial);

8

*Shook v. Walden*, 368 S.W.3d 604, 622 (Tex. App.—Austin 2012, pet. denied) (holding that member and manager of limited liability company could not be held liable for company's obligations when jury's finding that he did not commit fraud was unchallenged and unsupported by evidence). Because the Estate's affirmative defense applies to all of Strange's claims, the trial court did not err by denying her summary judgment contending that she conclusively proved her claims against the Estate. *See Staley*, 320 S.W.3d at 503–04 & n.7; *Cox v. Waste Mgmt. of Tex., Inc.*, 300 S.W.3d 424, 437 n.15 (Tex. App.—Fort Worth 2009, pet. denied). We overrule Strange's first and second issues.

## Conclusion

Having overruled both of Strange's issues, we affirm the trial court's judgment.

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL: LIVINGSTON, C.J.; WALKER and MCCOY, JJ.

DELIVERED: August 8, 2013