The **CARLYLE JOINT VENTURE,**
et al., Appellant,

v.

**H.B. ZACHRY COMPANY, Appellee.**

No. 04–89–00527–CV.

Court of Appeals of Texas,
San Antonio.

Dec. 12, 1990.

Rehearing Denied Feb. 4, 1991.

William W. Sommers, Donald O. Ferguson, Gardner, Ferguson, Sommers & Davis, San Antonio, Herbert N. Lackshin, Hirsch, Glover, Robinson & Sheiness, Houston, for appellant.

Fred Shannon, Charles Estee, Shannon & Weidenbach, San Antonio, for appellee.

Before CADENA, C.J., and CHAPA and CARR, JJ.

## OPINION

CARR, Justice.

This is an appeal from a summary judgment which presents us with an issue of first impression regarding the individual liability of joint venture partners for the debts and obligations of a joint venture.

The record reflects the following: The Carlyle Joint Venture (Carlyle)[1] is a joint venture partnership consisting of (1) CHV Properties, Inc.; (2) Alan Sailer; (3) Silver

Leaf Development, Inc.; (4) First Southern Properties, Inc.; (5) 10W 100, Inc., (6) Ranchero Property Co., and (7) Dwight Lieb. A construction contract was entered into between appellee, H.B. Zachry Company (Zachry), and Carlyle, which provided for the resolution of disputes between the parties by arbitration. Subsequently, a dispute arose between Carlyle and Zachry, and the matter was resolved by arbitration with an arbitration award being granted in favor of Zachry and against Carlyle.

Zachry filed this suit in district court to confirm the arbitration award against Carlyle pursuant to the Texas General Arbitration Act, TEX.REV.CIV.STAT.ANN. art. 224 et seq. (Vernon 1973 and Vernon Supp.1990), and to seek judgment against the above named individual joint venture partners on the grounds that the award was a debt and obligation of Carlyle, for which the partners are liable under the law of partnerships. On Zachry's cause of action against Carlyle, the trial court confirmed the award and granted judgment against Carlyle. On Zachry's cause of action against the individual joint venture partners, the trial court granted summary judgment in the amount of the award against the joint venture partners, individually and severally, except for one partner, Dwight Lieb, who was nonsuited after the entry of the summary judgment.

In a single point of error, appellants (CHV Properties, Inc.; Alan Sailer; Silver Leaf Development, Inc.; First Southern Properties, Inc.; 10W 100, Inc.; and Ranchero Property Co.) challenge the summary judgment granted against them as individual partners of the joint venture on the basis that they are not liable as individual partners of Carlyle because they were not individually served or joined, nor did they participate in the arbitration hearing.

The purpose of the summary judgment rule is to provide a procedure for disposing of a case when no genuine issues of fact exist and only questions of law are involved. *Clutts v. Southern Methodist University*, 626 S.W.2d 334, 335 (Tex.App.

1. Carlyle Joint Venture is not a party to this appeal. By an order dated March 2, 1990, its

appeal was dismissed pursuant to TEX.R.APP.P. 60(a)(1).

—Tyler 1981, writ ref'd n.r.e.). To establish his right to a summary judgment, the moving party has the burden to demonstrate that no material fact issues exist in the case, and that he is therefore entitled to a judgment as a matter of law. *Town North Nat'l Bank v. Broaddus,* 569 S.W.2d 489, 494 (Tex.1978); *Totman v. Control Data Corp.,* 707 S.W.2d 739, 742 (Tex.App.—Fort Worth 1986, no writ).

In the case at hand, both parties agree that no material fact issues are in dispute. An arbitration award was granted against Carlyle, and this cause of action was brought to enforce the award against Carlyle and its individual partners. The validity of the award against Carlyle or the status of the award as a debt and obligation of Carlyle is not contested by the appellants. The only dispute is the effect of the noninvolvement of the partners in their individual capacities at the arbitration hearing. This dispute presents us with a question of law which we find the trial court answered properly.

 The entire focus of appellants' argument is that before an award can be enforced against an individual joint venture partner, the partner must be an individual party to the arbitration. We disagree and hold that when the joint venture is a party to an arbitration proceeding which results in an award against the joint venture, individual partners of the joint venture are individually and severally liable for the award as a debt and obligation of the joint venture under the law of partnerships.

A joint venture[2] is a special combination of persons in the nature of a partnership engaged in the joint involvement of a particular transaction for mutual benefit or profit. *Gibson v. Northeast Nat'l Bank,* 602 S.W.2d 337, 340 (Tex.Civ.App.—Fort Worth 1980, writ ref'd n.r.e.) (citing *Holcomb v. Lorino,* 124 Tex. 446, 79 S.W.2d 307, 310–11 (1935)). It is universally held that partnerships and joint ventures are so similar in nature that the rights as to the members of a joint venture are governed by substantially the same rules that govern partnerships. *Gibson,* 602 S.W.2d at 341 (citing *Lane v. Phillips,* 509 S.W.2d 894, 897 (Tex.Civ.App.—Beaumont 1974, writ ref'd n.r.e.)). *See also Truly v. Austin,* 744 S.W.2d 934, 937 (Tex.1988) (joint venturer subjected to same rules that apply to partners); *Hackney v. Johnson,* 601 S.W.2d 523, 526 (Tex.Civ.App.—El Paso 1980, writ ref'd n.r.e.) (joint venturers generally governed by the rules applicable to partners).

 In Texas, all partners are jointly and severally liable for all debts and obligations of the partnership. Texas Uniform Partnership Act, TEX.REV.CIV.STAT. ANN. art. 6132b § 15 (Vernon 1970); *Yorfino v. Ferguson,* 552 S.W.2d 563, 564 (Tex. Civ.App.—El Paso 1977, no writ). Likewise, joint venture partners are also jointly and severally liable for the debts and obligations of the joint venture and are subject to the Texas Uniform Partnership Act. *Truly,* 744 S.W.2d at 937.

In the case at hand, Carlyle, the joint venture, entered into the agreement to arbitrate and to be bound by the arbitration. As partners of the joint venture, appellants are jointly and severally liable for any debts and obligations arising out of the arbitration between the joint venture and Zachry.

Accordingly, we hold that the summary judgment in the amount of the award against the individual joint venture partners was proper because the confirmation of the arbitration award against the joint venture was a debt and obligation of the joint venture for which each partner is jointly and severally liable within the meaning of the Texas Uniform Partnership Act, TEX.REV.CIV.STAT.ANN. art. 6132b § 15 (Vernon 1970). Appellants' sole point of error is overruled.

The judgment of the trial court is affirmed.

---

**2.** The elements of a joint venture are: (1) mutual right of control; (2) community of interest; (3) agreement to share profits as principals; and (4) agreement to share losses, costs, or expenses. *Coastal Plains Development Corp. v. Micrea, Inc.,* 572 S.W.2d 285, 287 (Tex.1978).