In re J. Lynn JONES and wife, Rebecca Jean Jones, Individually, and d/b/a Union Exploration, d/b/a Lynn Jones Insurance and Lynn Jones Real Estate, Debtors.

Robert B. WILSON, Trustee, Plaintiff,

v.

George VENTEICHER, Mark Laughlin, and Frank Krejci, Partners in First Energy Resources, Defendants.

Bankruptcy No. 583–00059–7.
Adv. No. 593–5020.

United States Bankruptcy Court,
N.D. Texas,
Lubbock Division.

Dec. 7, 1993.

ruptcy Rule 7052. This Memorandum will be published.

Richard Hubbert, Sims, Kidd, Hubbert & Wilson, L.L.P., Lubbock, TX, for Trustee.

Robert L. Jones, Crenshaw, Dupree & Milam, L.L.P., Lubbock, TX, for defendants.

## MEMORANDUM OF OPINION ON CLAIM AGAINST PARTNERS

JOHN C. AKARD, Bankruptcy Judge.

Robert B. Wilson (Trustee), Trustee-in-Bankruptcy for J. Lynn Jones and Rebecca Jean Jones, Individually and d/b/a Union Exploration (Debtors), holds a judgment against

a partnership, First Energy Resources (First Energy). Unable to satisfy that judgment out of partnership assets, the Trustee now seeks a personal judgment against the partners. The partners asserted the statute of limitations and other defenses. The court grants the Trustee a personal judgment against the partners.[1]

## FACTS [2]

In October 1984, the Trustee brought an action against First Energy to recover monies due to the bankruptcy estate for its share of the costs of three oil and gas wells. The matter was vigorously opposed by First Energy. Following a decision by this court, an appeal was taken to the United States District Court which remanded the matter to the bankruptcy court for additional findings. A final judgment on remand was entered by the bankruptcy court on May 14, 1990, and affirmed by the United States District Court on April 1, 1991. No further appeal was taken and the judgment became final. In the Trustee's suit none of the partners of First Energy were sued in their individual capacity or as general partners of First Energy. Some of the partners appeared in opposition to the Trustee's suit as representatives of the partnership.

On March 12, 1993, the Trustee filed the captioned adversary proceeding against George Venteicher, Mark Laughlin, Frank Krejci and Ernie Graves, the partners of First Energy, in order to secure a personal judgment against them. The Trustee was unable to secure service of process on Mr. Graves. Consequently, the court severed the Trustee's action against Mr. Graves and the reference to Defendants in this adversary proceeding relates only to Mr. Venteicher, Mr. Laughlin and Mr. Krejci.

## POSITIONS OF THE PARTIES

The Trustee asserts that since he was unable to satisfy the judgment from assets of

1. This court has jurisdiction of this matter under 28 U.S.C. § 1334(a), 28 U.S.C. § 157(a), and Miscellaneous Rule No. 33 of the Northern District of Texas contained in Order of Reference of Bankruptcy Cases and Proceedings *Nunc Pro Tunc* dated August 3, 1984. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(1), (b)(2)(A), (B), and (O).

2. The court adopts the stipulation of facts filed by the parties on July 7, 1993. The court will state only such facts as are necessary to a determination of this matter.

the partnership, he is entitled to a personal judgment against the partners, jointly and severally. The Defendants assert that the actions against them are barred by the statute of limitations. They also assert defenses of res judicata and collateral estoppel. The parties filed cross-motions for summary judgment.

## STATUTES AND RULES

*Texas Civil Practice and Remedies Code*

### § 16.004. Four–Year Limitations Period

(a) A person must bring suit on the following actions not later than four years after the day the cause of action accrues:

. . . .

(3) debt.

### § 17.022. Service on Partnership

Citation served on one member of a partnership authorizes a judgment against the partnership and the partner actually served.

### § 31.003. Judgment Against Partnership

If a suit is against several partners who are jointly indebted under a contract and citation has been served on at least one but not all of the partners, the court may render judgment against the partnership and against the partners who were actually served, but may not award a personal judgment or execution against any partner who was not served.

*Art. 6132b. Texas Uniform Partnership Act*

### § 15. Nature of Partner's Liability

Sec. 15. All partners are liable jointly and severally for all debts and obligations of the partnership including those under Sections 13 and 14.

*Texas Rules of Civil Procedure*

### Rule 28. Suits in Assumed Name

Any partnership, unincorporated association, private corporation, or individual doing business under an assumed name may sue or be sued in its partnership, assumed or common name for the purpose of enforcing for or against it a substantive right, but on a motion by any party or on the court's own motion the true name may be substituted.

*Federal Rules of Civil Procedure*

### Rule 17. Parties Plaintiff and Defendant; Capacity

. . . .

(b) **Capacity to Sue or be Sued.** The capacity of an individual, other than one acting in a representative capacity, to sue or be sued shall be determined by the law of the individual's domicile. The capacity of a corporation to sue or be sued shall be determined by the law under which it was organized. In all other cases capacity to sue or be sued shall be determined by the law of the state in which the district court is held, except (1) that a partnership or other unincorporated association, which has no such capacity by the law of such state, may sue or be sued in its common name for the purpose of enforcing for or against it a substantive right existing under the Constitution or laws of the United States, and (2) that the capacity of a receiver appointed by a court of the United States to sue or be sued in a court of the United States is governed by Title 28, U.S.C. §§ 754 and 959(a).

## DISCUSSION

There is no genuine issue of material fact, and the court is able to dispose of this matter on the cross-motions for summary judgment.

The foregoing statutes and rules make it clear that partners are jointly and severally liable for the debts of the partnership and that a judgment against a partner can be obtained in a suit against the partnership. However, the statutes contain no requirement that the suit name the individual partners. A Texas Court of Appeals stated:

Members of a partnership who execute promissory notes are jointly and severally liable on such notes. With regard to such debts, partners may be sued separately, or the partnership can be sued in its trade name alone.

*Martin v. First Republic Bank,* 799 S.W.2d 482, 487 (Tex.App.—Fort Worth 1990) (citations omitted).

Another Texas Court of Appeals said:

In a suit brought against a partnership, it is unnecessary to serve all the partners to support a judgment against the partnership. Any judgment in a suit against a partnership, however, is rendered only against the partners who are actually served and any other partners who appeared despite the lack of service.... In pursuing such an action the partners generally may be sued separately, or the partnership can be sued in its partnership name alone.

*Shawell v. Pend Oreille Oil & Gas Company,* 823 S.W.2d 336, 337–38 (Tex.App.—Texarkana 1991) (citations omitted).

A Texas Court of Appeals faced facts similar to those in the instant case in *Carlyle Joint Venture v. Zachry,* 802 S.W.2d 814 (Tex.App.—San Antonio 1990) where a construction contract contained an arbitration clause. Arbitration between the contractor and the joint venture resulted in a decision in favor of the contractor. The contractor sought to have the arbitration award made a judgment under the appropriate Texas statutes not only against the joint venture, but also against the partners of the joint venture. The partners defended on the ground that they were not parties to the arbitration. The court found that Texas partnership law applied and said:

The entire focus of appellants' argument is that before an award can be enforced against an individual joint venture partner, the partner must be an individual party to the arbitration. We disagree and hold that when the joint venture is a party to an arbitration proceeding which results in an award against the joint venture, individual partners of the joint venture are individually and severally liable for the award as a debt and obligation of the joint venture under the law of partnerships.

*Id.* at 816.

■ In the instant case, it was not until the United States District Court's judgment of April 1, 1991 became final by the failure of First Energy to appeal that the partnership owed a definite debt. Thereafter, the Trustee sought to collect from the partnership and, failing full recovery, brought this action against the partners to collect the remainder of the judgment. Limitations began to run against the partners only when the district court's judgment became final. Clearly, this action was brought within the four-year statute of limitations prescribed in § 16.004 of the Texas Civil Practice and Remedies Code.

The court finds that the two cases cited by the Defendants do not support their position. The first case, *Cothrum Drilling Co. v. Partee,* 790 S.W.2d 796 (Tex.App.—Eastland 1990), involved a suit against a partnership and all of the partners. The trial court rendered judgment against the partnership and all of the partners. The appellate court stated that the trial court erred in rendering judgment against the individual partners who were not served with citation before the statute of limitations had run.[3] *Id.* at 800. The court said that TEX.CIV.PRAC. & REM.CODE § 17.022 did not authorize a judgment against partners who were not served before the claims against them were barred by the statute of limitations. The court cited a 1917 Texas case in support of its holding. The 1917 case was decided well before Texas adopted the entity theory of partnerships. *See* notes to § 1 of the Texas Uniform Partnership Act, Art. 6132b (Vernon 1993). Under the entity theory of partnerships, it is logical that a partner has no liability until the partnership liability is established. There is nothing wrong in allowing the partners to be sued along with the partnership so that once the partnership liability is established, a judgment can be rendered against the partnership and the partners. On the other hand, there is nothing wrong with the partnership being sued and, if its liability is established, a subsequent suit being filed against the partners on their personal liability for the partnership's obligation.

The second case cited by Defendants is *Cissne v. Robertson,* 782 S.W.2d 912 (Tex.

---

**3.** A subsequent suit against the same partners was denied on the grounds of res judicata. *Partee v. Phelps,* 840 S.W.2d 512 (Tex.App.—Dallas 1992).

App.—Dallas 1989). In *Cissne,* the plaintiff sued both the partnership and the partners. Two of the partners filed a motion for summary judgment to which the plaintiff did not respond. The court denied the liability of the partners and was upheld by the Court of Appeals. *Cissne* involves facts different from those presented in the case at bar and does not control the court's decision in the instant case.

 The Defendants assert that the Trustee's claims are barred by res judicata and collateral estoppel. In effect, the Defendants urge that the Trustee was obligated to make them defendants in the action against First Energy and, having failed to do so, he is barred from relitigating these same matters. This argument misses the point. The Trustee is not relitigating the same matters. The Trustee first had to establish the liability of First Energy. Once the liability of the partnership became fixed, the only issue remaining was whether the Defendants are partners of First Energy. This they admitted. Thus, under § 15 of the Texas Uniform Partnership Act, they are jointly and severally liable for the debts of First Energy. The Defendants cannot relitigate matters which already were adversely decided to First Energy. *Zachry, supra.* Res judicata and collateral estoppel apply to prevent them from relitigating First Energy's liability.

The only matter remaining to be decided what credits on the judgment the court should give as a result of collections made from First Energy's assets. The Trustee's Motion for Summary Judgment attached the affidavit of Glenda Van Ness as an exhibit which shows she calculated that there was due and owing on the final judgment on remand, the total sum of $58,738.30 as of February 4, 1993, which sum bears interest at $9.29 per day. The Defendants did not challenge that calculation.

### CONCLUSION

The court finds that the Defendants became jointly and severally liable on First Energy's obligation when that obligation became fixed by the partnership's failure to

appeal the April 1, 1991, judgment of the United States District Court. They are jointly and severally liable to the Trustee in the amount of $58,738.30, together with interest thereon from February 4, 1993 at 5.77% per annum pursuant to 28 U.S.C. § 1961, together with all costs of court in this proceeding.

JUDGMENT ACCORDINGLY.[4]

---

**4.** This Memorandum shall constitute Findings of Fact and Conclusions of Law pursuant to Bankruptcy Rule 7052. This Memorandum will be published.