In The



Court of Appeals



Ninth District of Texas at Beaumont



______________________ 


 

NO. 09-08-106 CV
______________________



TODD MCNAMARA AND PAM MCNAMARA, Appellants



V.



INLAND ENVIRONMENTS, LTD., Appellee


 




On Appeal from the 221st District Court


Montgomery County, Texas


Trial Court No. 07-04-03788 CV






 MEMORANDUM OPINION


 Todd and Pam McNamara sued Inland Environments, Ltd. in 2007. The petition
stated they had obtained a default judgment in 2006 against "RMB/Inland, a Division of
RMB Construction, Inc." In the 2007 suit, the McNamaras asserted that Inland
Environments was a partner in the general partnership of "RMB/Inland, a Division of RMB
Construction, Inc.," and, therefore, Inland Environments was liable for the 2006 judgment. 

 Inland Environments answered the McNamaras' suit and filed a motion for summary
judgment. The motion's sole ground was that the McNamaras were not entitled to pursue
Inland Environments for collection of a judgment granted in a lawsuit to which Inland was
not a party. Inland Environments' motion asserted the following:

 Inland was not named as a party in the McNamaras' 2006 suit.

 Inland was not served in the 2006 suit.

 The claims in the two suits were not the same. 


Inland Environments maintains that, as a matter of law, a partner must be named and served
in the same suit as the partnership. Because it was not named and served as a party in the
2006 suit, Inland Environments contends the 2006 judgment has no binding effect upon it. 

 The McNamaras filed a response to the summary judgment motion. They maintained
that Inland Environments' "argument on partnership is legally deficient," and on appeal
argue the trial court erred in granting the summary judgment. They also assert that the lack
of service upon Inland Environments in the prior suit does not preclude imposition of liability
upon Inland Environments in the 2007 suit for the 2006 judgment; the McNamaras contend
Inland Environments and RMB/Inland are, by virtue of alter ego, joint enterprise, or
partnership, essentially the same entity.

 Briefing rules are to be construed liberally. See Tex. R. App. P. 38.9. We understand
the arguments as fairly including subsidiary issues. See generally Sitaram v. Aetna U.S.
Healthcare of North Tex., Inc., 152 S.W.3d 817, 823 & n.5 (Tex. App.--Texarkana 2004, no
pet.); Tex. R. App. P. 38.1(e). 

Standard of Review


 Absent special exceptions, a reviewing court generally construes a petition liberally
in favor of the pleader. Prudential Ins. Co. of Am. v. Fin. Review Servs., Inc., 29 S.W.3d 74,
81 (Tex. 2000). A party moving for summary judgment must establish that there is no
genuine issue of material fact and that it is entitled to judgment as a matter of law. Nixon v.
Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548 (Tex. 1985); Tex. R. Civ. P 166a(c). "A
defendant who conclusively negates at least one of the essential elements of each of the
plaintiff's causes of action or who conclusively establishes all of the elements of an
affirmative defense is entitled to summary judgment." Cathey v. Booth, 900 S.W.2d 339, 341
(Tex. 1995). In a review of a summary judgment, we consider the evidence in the light most
favorable to the non-movant and resolve any doubt in the non-movant's favor. Id. (citing
Nixon, 690 S.W.2d at 548-49). A trial court cannot grant summary judgment except on the
grounds expressly presented in the motion. See Science Spectrum, Inc. v. Martinez, 941
S.W.2d 910, 912 (Tex. 1997). (1) 

 Summary Judgment Evidence


 The McNamaras entered into a contract in February 2002 for "mold remediation" of
their damaged home. By deposition, Pam McNamara testified Ronald Bowyer gave her a bid
on the work. The contract for the work was on stationery with the letterhead "RMB/Inland
A Division of RMB Construction, Inc." Signing the contract were T.D. and Pam McNamara
and Ronald M. Bowyer. Pam McNamara testified she believed RMB Construction, Inc. and
Inland Environments were the same company because they presented themselves that way. 

 Also attached as summary judgment evidence were excerpts from Ronald Bowyer's
post-judgment deposition in the earlier suit. Bowyer testified the corporate entity (RMB
Construction, Inc.) was his company, and he was in partnership with Inland. Bowyer
explained he "partnered up with a gentleman who owned Inland Environmental . . . to do
mold remediation. They were in that business. We were in the construction business." 
Apparently, the Inland representative was Jed Landrey, who described himself by affidavit
as the "[m]anager of J. Landrey Managers, L.L.C., a Texas limited liability company, which
is the general partner of Defendant Inland Environments, Ltd., a Texas limited partnership." 

 Bowyer testified as follows:

 I was aware of several mold jobs that were available to be bid on, and I found
Mr. Landry through these mutual acquaintances, found out that he was in that
business, doing that. So he and I met at his offices, and I said, "Here are a
bunch of jobs that we've got. Is that something you would be interested in
doing?" 

 He said, "Of course."

 And I said, "Well, since I'm . . . the one that's the initial contact, should we
present it as RMB or RMB/Inland, or how do we do that?" 

 And he said, as I remember, you know, "It doesn't matter to me how we
present it, really."

 And so I just said, "Well, let's do RMB/Inland, a division of." And I said
"That probably sounds best."

 And that's exactly the way that we addressed it. . . . 

 

Bowyer explained why other judgments in other lawsuits had been taken against RMB and
not Inland. He stated he would initially meet with people and give the "introduction." 
Bowyer agreed he was the "faceman." "I was the first person that [customers] met and it was
presented as 'RMB,slash,Inland[.]'" He brought the clients "in the door" and would "deal
with the client if in fact that became . . . necessary." Bowyer also stated RMB "invoiced for
the project." "The physical work that was to be done was done by Inland, because they had
the personnel and the equipment."

 The McNamaras' summary judgment evidence includes a letter signed by Ron Bowyer
on Inland Environments' letterhead that acknowledged problems with the work on the 
McNamaras' home and also demanded payment for the work performed. The letter appears
to have been faxed from the Inland Environments' fax machine. 

 Bowyer explained that RMB Construction, Inc., of which he was the sole shareholder,
was no longer in business. He testified he no longer had an office, employees, P.O. Box or
mailbox.

 Texas law, with certain exceptions not applicable here, provides that "an association
of two or more persons to carry on a business for profit as owners creates a partnership,
whether the persons intend to create a partnership and whether the association is called a
'partnership,' 'joint venture,' or other name." Tex. Rev. Civ. Stat. Ann. art. 6132b-2.02(a)
(Vernon Supp. 2008). (2) A "person" includes, among others, a corporation and a partnership. 
Id. art. 6132b-1.01(14) (Vernon Supp. 2008). A partnership is an entity distinct from its
partners. Id. art. 6132b-2.01 (Vernon Supp. 2008). Generally, "all partners are liable jointly
and severally for all debts and obligations of the partnership unless otherwise agreed by the
claimant or provided by law." Id. art. 6132b-3.04 (Vernon Supp. 2008). 

 Under Texas law, a third party is not required to sue a partner in the same suit as the
partnership. Article 6132b-3.05(b) states, "An action may be brought against a partnership
and any or all of the partners in the same action or in separate actions." Tex. Rev. Civ. Stat.
Ann. art. 6132b-3.05(b) (Vernon Supp. 2008); see Elmer v. Santa Fe Props., Inc., No. 04-05-00821-CV, 2006 WL 3612359, at *3 (Tex. App.--San Antonio Dec. 13, 2006, no pet.) (mem.
op.) (Commenting on article 6132b-3.05(b), the court stated that "a partnership creditor
should not be precluded from commencing a subsequent suit against a partner merely
because the partner was not part of the original suit or judgment."). 

 Section 3.05(c) states a caveat: "A judgment against a partnership is not by itself a
judgment against a partner, but a judgment may be entered against a partner who has been
served with process in a suit against the partnership." Tex. Rev. Civ. Stat. Ann. art. 6132b-3.05(c) (Vernon Supp. 2008). Although a partnership and a partner may be sued in separate
suits, the 2006 judgment against "RMB/Inland, a Division of RMB Construction, Inc." does
not automatically allow entry of a judgment against the partner. (3) In KAO Holdings, L.P. v.
Young, 261 S.W.3d 60, (Tex. 2008), the plaintiff sued the limited partnership, and not the
general partner, but nonetheless obtained a default judgment against both. Id. at 61. The
Texas Supreme Court stated as follows:

 Viewing article 6132b-3.05(c) in isolation, its purpose appears to be to make
clear that while partners are generally liable for the partnership's obligations,
a judgment against the partnership is not automatically a judgment against the
partner, and that judgment cannot be rendered against a partner who has not
been served merely because judgment has been rendered against the
partnership. The purpose of [article 6132b-3.05(c)] is to state that service is
necessary, not that it is sufficient. Partners against whom judgment is sought
should be both named and served so that they are on notice of their potential
liability and will have an opportunity to contest their personal liability for the
asserted partnership obligation. 


Id. at 64 (footnote omitted).

 The opportunity to contest liability is important whether the plaintiff sues and serves
the partnership and the partner in the same suit, or sues them in separate suits as here. As
permitted by article 6132b-3.05, the McNamaras filed a later, separate suit against Inland
Environments. (4) 

 In its brief in this Court, Inland states:

 It was neither proper nor required for the trial court to consider whether
Appellants raised fact issues based upon Appellee's alleged relationship with
RMB/Inland, because that alleged relationship, even if taken to be true, was
of no relevance or materiality in the issues properly before the trial court in
Appellee's Motion for Summary Judgment. Rather, the sole issue before the
trial court in this Summary Judgment proceeding was whether Appellants were
entitled to pursue Appellee for collection of a default judgment granted in a
lawsuit to which Appellee was not a party and in which Appellee was never
served with process or otherwise appeared. 


Summary judgment could not be granted in Inland Environments' favor on that "sole issue,"
because the law does not preclude a partnership creditor from subsequently filing suit against
a partner, separately from the partnership, on a partnership obligation when a partnership has
insufficient property to satisfy the obligation. The judgment the McNamaras seek against
Inland Environments is based on the same claim they asserted against "RMB/Inland, a
Division of RMB Construction, Inc." The trial court erred in granting summary judgment
on the sole issue presented in the motion. 

 We reverse the summary judgment granted by the trial court and remand this case to
the trial court for further proceedings.

 REVERSED AND REMANDED.

 ____________________________

 DAVID GAULTNEY

 Justice


Submitted on November 13, 2008

Opinion Delivered December 4, 2008


Before McKeithen, C.J., Gaultney and Horton, JJ.
1. With their response, the McNamaras attached summary judgment evidence, which
they contend raises a fact issue on the existence of a joint enterprise, alter ego, or partnership. 
For purposes of its summary judgment motion only, Inland Environments assumed it was a
partner. In any event, the McNamaras' response raised a fact issue on partnership or, more
precisely, joint venture.

 Inland Environments' motion, and its brief in this Court, also asserted that the
McNamaras have not raised a direct claim, which Inland assumed would be barred by
limitations if made. We do not read the motion for summary judgment, or the briefing in this
Court, to directly present a limitations defense as a basis for summary judgment, however,
and consequently do not reach the date of accrual issue in this appeal. Compare Cothrum
Drilling Co. v. Partee, 790 S.W.2d 796, 800 (Tex. App.--Eastland 1990, writ denied) with
In re Jones, 161 B.R. 180, 184 (Bankr. N.D. Tex. 1993).
2. Parallel provisions to article 6132b of the Texas Revised Partnership Act are found
in Chapter 152 of the Business Organizations Code. See generally Tex. Bus. Orgs. Code
Ann. §§ 152.001-.914 (Vernon Supp. 2008). 
3. Article 6132b-3.05(d) limits the judgment creditor's pursuit of a partner's property:


 (d) Limitation on Creditor's Pursuit of Partner's Property. Except as provided
by Subsection (e), a creditor may proceed against one or more partners or their
property to satisfy a judgment based on a claim that could have been
successfully asserted against the partnership only if:

 (1) a judgment is also obtained against the partner; and

 (2) a judgment based on the same claim is obtained against the
partnership that:

 (A) has not been reversed or vacated; and

 (B) remains unsatisfied for 90 days after:

 (i) the date of entry of the judgment; or

 (ii) the date of expiration or termination of the stay, if the 
judgment is contested by appropriate proceedings and
execution on the judgment has been stayed.


Tex. Rev. Civ. Stat. Ann. art. 6132b-3.05(d) (Vernon Supp. 2008).
4. We do not address the question of what the McNamaras must prove to recover from
Inland, as that issue has not been briefed by the parties. See, e.g., Elmer, 2006 WL 3612359
(doctrines of collateral estoppel and res judicata); see also generally 19 Robert Hamilton
Et Al., Texas Practice: Business Organizations § 8.10 (2004 & Supp. 2008-09); Brian
Martin, Comment, To What Extent Are Partnership Creditors Afforded More than One Bite
at the Same Apple: TRPA Section 3.05 and Its Interplay with Principles of Res Judicata,
Collateral Estoppel, and Statutes of Limitation, 51 Baylor L. Rev. 149 (1999).