

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

———————————————————

## No. 07-11-00199-CV

———————————————————

American Star Energy and Minerals Corporation, Appellant

v.

Richard W. "Dick" Stowers, Individually, Richard W. Stowers, Jr., Individually, Frank K. Stowers, Individually, and Linda Sue Jasurda, Individually, Appellees

On Appeal from the 84th District Court
Hutchinson County, Texas
Trial Court No. 39,255, Honorable William D. Smith, Presiding

May 14, 2013

## OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

"All cats are gray in the dark."[1]

Contrary to popular belief, little in the law is black and white. Shades of gray latently course between and within the words written by legislators and judges. Those

---

[1] J. Ponto.

shades may spark hardy discussion among members of the legal community, or simply supply reason for the day's headache. Both effects were encountered here.

The dispositive issue before us concerns partnerships, partners therein, and the statute of limitations. We have been asked to decide if the trial court erred in concluding that American Star Energy and Minerals Corporation (American) waited too long before suing Richard "Dick" Stowers, Richard W. Stowers, Jr., Frank K. Stowers, and Linda Sue Jasurda (the Stowers), who were partners of S&J Investments (S&J), a Texas general partnership.

American had recovered a judgment against S&J. When that judgment could not be satisfied through the assets of the partnership, the individual partners were then sued. No one disputes that the cause of action upon which judgment against S&J was founded accrued more than four years before the partners were sued individually. Nor does anyone deny that those same partners were sued individually well within four years of the date the judgment against the partnership was signed. And, while American asserted below that it acted timely by suing the partners within four years of the judgment's execution, the Stowers argued otherwise. They contended that they had to be sued within the same limitations period American had to commence an action against S&J. The trial court agreed with them, as does a majority here.

Our conclusion is based upon sections 152.304, 305 and 306 of the Texas Business Organizations Code. They state that ". . . all partners are jointly and severally liable for all obligations of the partnership . . . ," TEX. BUS. ORGS. CODE ANN. § 152.304(a) (West 2012), "[a]n action may be brought against a partnership and any or all of the partners in the same action or in separate actions," *id.* § 152.305 and, while a

2

judgment against a partnership is not by itself a judgment against a partner, a "judgment may be entered against a partner who has been served with process in a suit against the partnership**.**" *Id.* § 152.306(a). To the extent statute provides that individual partners are jointly and severally liable for partnership obligations, that individual partners may be sued in the same proceeding initiated against the partnership, and a judgment may be entered against an individual partner who is a party in the same action initiated against the partnership, the majority must logically deduce that those same provisions recognize both the existence of a chose-in-action against the individual partners and its accrual at the same time the claim accrues against the partnership. Holding otherwise contradicts the general and longstanding truism that one cannot legitimately sue another before a cause of action accrues or is ripe. *See Luling Oil & Gas Co. v. Humble Oil & Refining Co.*, 144 Tex. 475, 191 S.W.2d 716, 721 (1945); *Spicewood Summit Office Condominiums Ass'n, Inc. v. America First Lloyd's Ins. Co.,* 287 S.W.3d 461, 465 (Tex. App.–Austin 2009, pet. denied). And, we cannot reasonably construe the foregoing provisions as evincing any type of legislative intent to reject that established legal truism. So, American was obligated to sue the partners of S&J (*i.e.* the Stowers) within the same limitations period it had to sue S&J, the partnership. Because, it did not, the trial court correctly held that limitations ran.

American would have us hold otherwise since it purported to sue upon the judgment entered against the partnership, not the claim upon which that judgment was founded. And since it commenced suit against the Stowers within four years from the judgment's execution, limitations allegedly barred nothing. Admittedly, two opinions appear to support that notion. The first*, In re Jones*, 161 B.R. 180, 183 (Bankr. N.D.

3

Tex. 1993), was rendered by a federal bankruptcy court located in Texas while the other, *Evanston Ins. Co. v. Dillard Dep't Stores, Inc.,* 602 F.3d 610, 617-18 (5th Cir. 2010) (per curiam), was rendered in per curiam format by the United States Court of Appeals for the Fifth Circuit. However, neither control since they neglected to address provisions of the Texas Business Organizations Code applicable here. One such provision is § 152.306(b). It provides the sole means by which a creditor may hold a partner responsible for partnership debt and mandates that the creditor may so hold the partner individually responsible "only if" a judgment is obtained against the partner and another is obtained against the partnership "based on the same claim . . . ." TEX. BUS. ORGS. CODE ANN. § 152.306(b)(1) & (2) (emphasis added). In other words, the judgment against the partners must be founded upon the identical claim or cause of action giving rise to the judgment against the partnership. That statute says nothing about simply enforcing the latter judgment against the partners through a suit wherein the judgment forms the cause of action against the partners, as American attempted here.[2] Rather, the statute required American to sue the Stowers upon the same claim that it sued and recovered a judgment against S&J. It did not do that within the applicable limitations period.

Accordingly, the trial court's judgment is affirmed.

Brian Quinn
Chief Justice

---

[2]Incidentally, recovering a judgment merges the underlying cause of action into the judgment. *Barr v. Resolution Trust Corp. ex rel. Sunbelt Federal Sav.*, 837 S.W.2d 627, 628 n.1 (Tex. 1992). This suggests that the underlying cause of action goes away. *See* 50 C.J.S., Judgments § 705 (1997) (stating that as a general rule the recovery of a judgment "creates a new debt or liability, distinct from the original claim" and "is not merely the evidence of the creditor's claim, but is . . . the substance of the claim itself").