

In The

Court of Appeals

Seventh District of Texas at Amarillo

———————————————

No. 07-11-00199-CV

———————————————

AMERICAN STAR ENERGY AND MINERALS CORPORATION, APPELLANT

V.

RICHARD W. "DICK" STOWERS, INDIVIDUALLY,
RICHARD W. STOWERS, JR., INDIVIDUALLY, FRANK K. STOWERS,
INDIVIDUALLY, AND LINDA SUE JASURDA, INDIVIDUALLY, APPELLEES

On Appeal from the 84th District Court
Hutchinson County, Texas
Trial Court No. 39,255, Honorable William D. Smith, Presiding

May 14, 2013

DISSENTING OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

This case involves the statutory construction of provisions of the Texas Business

Organizations Code as it pertains to the enforcement of a partnership obligation,

previously reduced to judgment, against the individual partners of a general partnership.

American Star Energy and Minerals Corporation obtained a judgment against S & J

Investments, a Texas general partnership, based upon a contract dispute. When S & J Investments failed to satisfy that judgment, American Star brought suit against the partnership's four general partners, Richard W. "Dick" Stowers, Richard W. Stowers, Jr., Frank K. Stowers, and Linda Sue Jasurda (hereinafter the "Stowers defendants"). The Stowers defendants sought to defend that suit by contending that American Star's effort to enforce the judgment against them individually was barred by the statute of limitations. The trial court agreed and entered a take nothing judgment. The majority affirms the trial court's decision. Because I believe the majority unnecessarily construes applicable statutes and precedential authority too narrowly, leading to an unjust result, I respectfully dissent.

## BACKGROUND

In 1980, the Stowers defendants formed a Texas general partnership, S & J Investments, for the purpose of investing in certain oil and gas properties. Each individual originally owned an equal 25% interest. During the 1990s, S & J Investments had a contractual relationship with American Star regarding the operation of mineral interests owned by the partnership. In 1993, American Star filed suit alleging S & J Investments breached that contract by failing to pay certain operating expenses and overhead charges. In that original proceeding, the trial court granted a judgment in American Star's favor, which judgment was subsequently appealed to this Court by the partnership. *See S & J Investments v. American Star Energy and Minerals Corp.,* No. 07-99-0090-CV, 2001 Tex. App. LEXIS 7730 (Tex.App.—Amarillo Nov. 7, 2001, pet. denied). We reversed a portion of the judgment and remanded the case to the trial court for further proceedings. *Id.* at *18-19. S & J Investments then filed a petition for

2

review with the Texas Supreme Court which was denied on March 28, 2002. Our mandate issued on June 4, 2002.

In 2007, American Star was awarded a second judgment. Once again, S & J Investments appealed that judgment to this Court. *See S & J Investments v. American Star Energy and Minerals Corp.,* No. 07-07-0357-CV, 2008 Tex. App. LEXIS 5078, (Tex.App.—Amarillo July 8, 2008, pet. denied). We overruled each of S & J Investments' issues and affirmed the judgment of the trial court. *Id.* at *15. After a motion for rehearing was denied, S & J Investments again filed a petition for review with the Texas Supreme Court which was denied on December 5, 2008. *See S & J Investments v. American Star Energy and Minerals Corp.,* No. 08-0806, 2008 Tex. LEXIS 1102 (Tex. 2008). A motion for rehearing was denied on May 8, 2009, *S & J Investments v. American Star Energy and Minerals Corp.,* No. 08-0806, 2009 Tex. LEXIS 284 (Tex. 2009), and our mandate issued on May 22, 2009.

In February 2010, in response to American Star's efforts to finally collect that judgment debt, S & J Investments asserted its assets were insufficient to satisfy the judgment.[1] Therefore, on June 10, 2010, American Star filed the present suit against the individual partners seeking to confirm their joint and several liability for the partnership obligation that had now been reduced to judgment. The Stowers defendants answered, raising the affirmative defense of statute of limitations.

---

[1]In a deposition taken February 18, 2010, S & J Investments' managing partner, Richard Stowers, testified the partnership was unable to pay the judgment "because there aren't resources to pay that." He also testified Frank Stowers, Dick Stowers and Susie Jasurda were partners and indicated a third-party entity was paying the partnership's attorney's fees.

American Star filed a motion for partial summary judgment alleging that its cause of action seeking to enforce the partnership's judgment debt[2] against the individual partners did not accrue until the judgment became final and unappealable when our final mandate issued on May 22, 2009.  Accordingly, American Star contends that when it filed suit in June 2010, that suit was timely filed under the four-year statute of limitations applicable to debt collections.[3]  The Stowers defendants responded with a cross-motion for summary judgment asserting American Star's cause of action against them accrued no later than June 15, 1998, when the *partnership* last breached its contract pertaining to operating expenses and overhead charges.  Despite the fact that the individual Stowers defendants did not have a contract with American Star, they contend American Star was required to file a *breach of contract suit* against them *individually* for the *partnership's* breach no later than June 15, 2002, under the four-year statute of limitations applicable to contract actions.[4]  In its judgment, the trial court denied American Star's motion, granted the cross-motion of the Stowers defendants, and entered a take-nothing judgment.  The majority affirms that judgment.

## ANALYSIS

The quintessential principle of the majority and concurring opinions is that the cause of action being asserted by American Star in this suit is the breach of contract

---

[2]*See Black's Law Dictionary* 433 (8th Ed. 2004) (A "judgment debt" is defined as "[a] debt that is evidenced by a legal judgment . . . .")

[3]*See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.004(a)(3) (WEST 2008) ("A person must bring suit on the following actions not later than four years after the day the cause of action accrues . . . (3) debt . . . .")

[4]*See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.051 (WEST 2008) ("Every action for which there is no express limitations period, . . .  must be brought not later than four years after the day the cause of action accrues.")

cause of action that was the subject of the earlier proceeding.[5]  A careful examination of the pleadings makes it clear that simply is not the case.

In this proceeding, American Star's cause of action against the individual partners is not based on the law of contracts or the facts and circumstances of the underlying contract dispute.  Instead, American Star's claim is premised on statutory provisions contained in the Texas Business Organizations Code providing that the individual partners of a partnership are "jointly and severally liable for all obligations of the partnership . . ." and the fact that "a creditor may proceed against one or more partners or the property of the partners to satisfy a judgment" obtained against the partnership, provided that judgment "has not been reversed or vacated; and remains unsatisfied for 90 days after the date on which the judgment [was] entered."  TEX. BUS. ORGS. CODE ANN.  §§ 152.304(a) and 152.306(b) (WEST 2012).[6]  *See The Carlyle Joint*

---

[5]The majority opinion provides: "To the extent [TEX. BUS. ORGS. CODE ANN. § 152.304(a) (WEST 2012)] provides that individual partners are jointly and severally liable for partnership obligations, that individual partners may be sued in the same proceeding initiated against the partnership, and a judgment may be entered against an individual partner who is a party in the same action initiated against the partnership, the majority must logically deduce that those same provisions recognize both the existence of a chose-in-action against the individual partners and its accrual at the same time the claim accrues against the partnership."  *American Star Energy and Minerals Corp. v. Stowers,* No. 07-11-00199-CV, slip op. at 3, 2013 Tex. App. LEXIS ____, at *_ (Tex.App.—Amarillo, May 14, 2013, no pet. h.).  Furthermore, the concurring opinion notes that "it is clear the claimant may both sue individual partners and obtain a judgment against them at the same time as the claimant sues and obtains a judgment against the partnership" and "a cause of action accrues and statutes of limitations begin running when facts come into existence authorizing a claimant to seek a judicial remedy."  *Id.* slip op. at 3-4. (internal citations omitted).

[6]The Business Organizations Code governs the relationship between partners and partnerships to the extent a partnership agreement does not speak to a particular issue.  TEX. BUS. ORGS. CODE ANN. § 152.002(a) (WEST 2012).  The parties cite to provisions of the Texas Revised Partnership Act even though that act expired January 1, 2010.  *Ingram v. Deere*, 288 S.W.3d 886, 905 n.4 (Tex. 2009); *Westside Wrecker Serv., Inc. v. Skafi,* 361 S.W.3d 153, 166 n.15 (Tex.App.—Houston [1st Dist.] 2011, pet. denied).  After that date, the Business Organizations Code applies to all partnerships, "regardless of their formation date."  *Ingram,* 288 S.W.3d at 905 n.4; *Westside Wrecker Serv.*, 361 S.W.3d at 166 n.15.  Accordingly, throughout the remainder of this dissenting opinion, I will cite to the current provisions of the Business Organizations Code as "section ____" or "§ ____."  Provisions of the Business Organizations Code applicable here do not materially differ from the Texas Revised Partnership Act provisions cited by the parties.

*Venture v. H.B. Zachry Co.,* 802 S.W.2d 814, 816 (Tex.App.—San Antonio 1990, writ denied) (award against individual joint venture partners "was proper because confirmation of the arbitration award against the joint venture was a debt and obligation of the joint venture for which each partner is jointly and severally liable within the meaning of the Texas Uniform Partnership Act").

As such, the statutory cause of action being asserted against the Stowers defendants did not even come into existence until there was a final, unappealable judgment against the partnership that remained unsatisfied. *See Evanston Ins. Co. v. Dillard Dep't Stores, Inc.,* 602 F.3d 610, 617-18 (5th Cir. 2010) (*per curiam*) (creditor's action against individual partners to collect a prior judgment against partnership accrued when final judgment was issued against partnership on creditor's claim); *In re Jones,* 161 B.R. 180, 183 (Bankr. N.D. Tex. 1993) (it was not until the trial court's judgment became final that the partnership owed a debt). Until the contract dispute was reduced to judgment, American Star had no independent statutory right to enforce that judgment against the individual partners.

The majority reaches its conclusion that the cause of action being asserted by American Star in this suit is "based on the *same claim* . . ." that could have been brought against the individual partners in the earlier proceeding based upon its construction of sections 152.304, 305 and 306. Specifically, the majority finds that based on its construction of section 152.306(b)(1) and (2), "judgments against the partners must be founded upon the *identical claim or cause of action* giving rise to the judgment against the partnership." *American Star Energy and Minerals Corp. v. Stowers,* No. 07-11-00199-CV, slip op. at 4, 2013 Tex. App. LEXIS ____, at *_

6

(Tex.App.—Amarillo, May 14, 2013, no pet. h.) (emphasis added). Prior to this case, no Texas appellate court has interpreted sections 152.304(a) and 152.306(b)(1) & (2) to reach that result.

The first principle of statutory construction is to ascertain and give effect to the Legislature's intent. *McIntyre v. Ramirez*, 109 S.W.3d 741, 745 (Tex. 2003). In doing so, an appellate court must first look to the plain and common meaning of the language of the statute; *id.*; TEX. GOV'T CODE ANN. § 312.992 (WEST 2005), and read the statute as a whole, not just as an isolated portion. *Tex. Dep't of Transp. v. City of Sunset Valley,* 146 S.W.3d 637, 642 (Tex. 2004). In construing statutes, reviewing courts must also consider the objective the law seeks to obtain and the consequences of a particular construction. *Coleman v. Coleman,* 170 S.W.3d 231, 236 (Tex.App.—Dallas 2005, pet. denied). *See* TEX. GOV'T CODE ANN. § 312.006 (WEST 2005) (statutes to be liberally construed to achieve their purpose and promote justice). Therefore, we must determine whether the Legislature intended the "same claim" language of section 152.306(b)(2) to mean the identical claim or cause of action giving rise to the judgment against the partnership.

Resolution of that issue in this case necessarily begins with an analysis of the nature of the cause of action actually being asserted by American Star in this suit. Although it has not always been so, Texas adheres to the "entity theory" under the Texas Business Organizations Code. *In re Allcat Claims Serv., L.P.*, 356 S.W.3d 455, 463 (Tex. 2011). Under the entity theory of partnership law, the partnership is an entity separate and distinct from its partners. *Id.* (citing 1 Alan Bromberg & Larry E. Ribstein, Bromberg and Ribstein on Partnership § 1.03(a)-(b) (Release No. 31,2011-12 Supp.)).

7

*See* § 152.056.  Under the "aggregate theory" of partnership law, "the 'partnership' name or label is a convenient way of referring to the partners as a group."  *Id.*  "'[T]o allay concerns that stemmed from confusion as to whether a partnership was an entity or an aggregate of its members,' the 73rd Legislature passed the Texas Revised Uniform Partnership Act in 1993 and thereby 'unequivocally embrace[d] the entity theory of partnership specifically stating . . . that a partnership is an entity distinct from its partners.'  Tex. Rev. Civ. Stat. Ann. art. 6132b-2.01, Comment of Bar Committee— 1993."  *In re Allcat*, 356 S.W.3d at 464 (discussing passage of the predecessor to the current statutory provision at section 152.056).

In keeping with the entity theory, in the underlying lawsuit, American Star was required to seek relief for its injury due to the breach of contract directly from the partnership, S & J Investments, not the individual partners.  Under the Business Organizations Code, where a partnership breaches a contract, the partnership is primarily liable for all obligations of the partnership, and its partners are jointly and severally liable unless otherwise agreed to by the claimant or as provided by law.  § 152.304(a).  In addition, a judgment against a partnership is not by itself a judgment against a partner although a judgment may be entered against a partner who has been served with process in a suit against a partnership.  § 152.306(a).[7]  That said, "[a]n action *may* be brought against a partnership and any or all of the partners in the same

---

[7]Any partnership may sue or be sued in its partnership, assumed or common name for the purpose of enforcing for or against it a substantive right.  TEX. R. CIV. P. 28.  A citation served on one member of a partnership authorizes a judgment against the partnership and the partner actually served.  TEX. CIV. PRAC. & REM. CODE ANN. § 17.022 (WEST 2008).  If a suit is against several partners who are jointly indebted under a contract and citation has been served on at least one but not all of the partners, the court may render judgment against the partnership and against the partners who were actually served, but may not award a personal judgment or execution against any partner who was not served.  *Id.* at § 31.003.

action *or in separate actions.*" § 152.305 (emphasis added). Thus, "[a] *judgment* against a partnership may not be satisfied from a partner's assets *unless* there is also a judgment against the partner" and "a partner must be individually named and served, either in the action against the partnership *or in a later suit*, before his personal assets may be subject to levy for a claim against the partnership." *KAO Holdings, L.P. v. Young*, 261 S.W.3d 60, 63 (Tex. 2008) (emphasis supplied) (citing the Uniform Partnership Act at § 307(c) (1997) cmt.). *See Elmer v. Santa Fe Properties, Inc.,* No. 04-05-00821-CV, 2006 Tex. App. LEXIS 10593, at *8 (Tex.App.—San Antonio Dec. 13, 2006, no pet.) (the language contained in section 152.305 [the predecessor to article 6132b-3.05(b)] "clearly allow[s] a creditor to sue a partnership and its partners in one suit or in any number of subsequent actions"). Whether or not the individual partner is served in the same suit or separate suits, a judgment against the partnership is a condition precedent to an action against an individual partner or the property of the partners. § 152.306(b)(2)(A).

The Business Organizations Code provides that a plaintiff may only seek relief from a general partner to recover on an *obligation* of the partnership "when [the plaintiff has] also obtained an unsatisfied judgment against the partnership." *Crane v. Samson Resources Co.,* No. 09-40227, 356 Fed. Appx. 683, 685, 2009 U.S. App. LEXIS 27314, at *4 (5th Cir. Dec. 14, 2009) (citing then § 6132b-3.05(a), now § 152.306(b)). *See Jones*, 161 B.R. at 183. ("Under the entity theory of partnerships, it is logical that a partner has no liability until the partnership liability is established.") Section 152.306(b) expressly provides that "a creditor may proceed against one or more partners or the property of the partners *to satisfy a judgment based on a claim against the partnership*

9

only if a judgment (1) is also obtained against the partner; and (2) based on the same claim, is obtained against the partnership *. . . .*" *See McNamera v. Inland Environments,* No. 09-08-0106-CV, 2008 Tex. App. LEXIS 9013, at *2, 4-5, 12 (Tex.App.—Beaumont 2008, no pet.) (emphasis added) (subsequent judgment sought against partner was "based on the same claim" when partnership had insufficient property to satisfy prior default judgment against it on breach of contract claim). Thus, while a creditor *may* sue a partner *on the same claim* in the same suit as the partnership or in a separate suit, a creditor *may not* proceed against the individual partners' assets until a judgment has been rendered against the partnership unless an exception applies.[8]

In sum, American Star had the right to sue S & J Investments to recover for any injury suffered due to breach of its operating agreement; § 152.303(a), and, absent a statutory exception provided by section 152.306(c) (not applicable here), as a creditor, American Star could have obtained a judgment directly against one or more of S & J's partners *only if* it also obtained a judgment against the partnership. *See* § 152.306(b). The fact that American Star could have obtained a judgment against the individual partners in the original suit against S & J Investments, *see* §§ 152.305 and 152.306(a), does not mean that judgment was based on the contract cause of action. Indeed, it could not have been. Under the entity theory, there clearly was no privity between American Star and the individual partners. The nature of the partners' individual liability

---

[8]The Business Organizations Code permits a creditor to proceed directly against one or more partners or their property, without first seeking satisfaction from partnership property if: (1) the partnership is a debtor in bankruptcy; (2) the creditor and partnership agreed that the creditor is not required to comply with specific statutory provisions; (3) a court so orders, based on a finding that partnership property within Texas is clearly insufficient to satisfy the judgment, or that compliance with specified statutory provisions is excessively burdensome; or (4) liability is imposed on the partner independently of the person's status as a partner. *See* § 152.306(c). None of those exceptions apply here.

is, instead, based on statutorily mandated joint and several liability; liability that did not exist until American Star obtained a judgment against the partnership. § 152.304(a). Furthermore, the mere fact that American Star could have sued and obtained a judgment against the individual partners at the same time as the partnership does not mean that there was a direct cause of action against the individual partners for breach of contract, and it does not change the fact that, as a creditor of the partnership, American Star was required to pursue a final judgment against the partnership before ultimately proceeding against the individual partners or their property. *See* § 152.306(b) (requiring that the judgment against the partnership not be vacated or reversed and that it remain unsatisfied for ninety days after the date on which judgment is entered before a creditor may seek to satisfy that judgment against one of the partners or the property of the partners). § 152.306(b). This is no mere "restriction" on the right of a creditor to seek satisfaction of its judgment against a partnership. It is a requirement that a judgment be entered against the individual partners, not based on the underlying cause of action, but instead based on statutorily established joint and several liability.

In this regard, the nature of individual partners' liability for a partnership debt is not unlike a third-party practice where a defendant may bring an action to join a party who may be liable for all or part of a plaintiff's claims against him. *See* TEX. R. CIV. P. 38(a). Like the subsequent action against an individual partner to enforce a judgment obtained against the partnership, a third-party action is not an independent cause of action, but is derivative of plaintiff's claim against the responsible party. *Goose Creek Consolidated Indep. Sch. Dist. of Chambers and Harris Counties v. Jarrar's Plumbing, Inc.,* 74 S.W.3d 486, 492 (Tex.App.—Texarkana 2002, pet. denied) (citing *Elson*

11

*Thermoplastics v. Dynamic Sys., Inc.,* 49 S.W.3d 891, 902 (Tex.App.—Austin 2001, no pet.) "As such, an action for indemnification or contribution does not accrue for limitations purposes until a plaintiff recovers damages or settles its suit against a defendant." *Id.* (collected cases cited therein).

Moreover, contrary to the assertions of the Stowers defendants, policies underlying statutes of limitations are not implicated here. A statute of limitations serves primarily to compel the assertion of a cause of action within a reasonable time so that the opposing party has a fair opportunity to defend while witnesses are available; *Moreno v. Sterling Drug Co.,* 787 S.W.2d 348, 351 (Tex. 1990), and to prevent stale claims. *Kevin v. Sauceda*, 263 S.W.3d 920, 925 (Tex. 2008). Here, American Star timely pursued its breach of contract claim against S & J Investments and its claim against the individual partners is not stale because that claim does not depend on proof of a breach of contract by S & J Investments. In fact, American Star's claim is not stale because it did not arise *until* the judgment against S & J Investments met the requirements of section 152.306(b). *See Matthews Constr. Co. v. Rosen,* 796 S.W.2d 692, 694 (Tex. 1980) (subsequent alter ego claim against President and sole shareholder of corporation after statute of limitations had run on claim underlying judgment against corporation in prior suit was not untimely or stale). *See also F.D.I.C. v. Mmahat,* 960 F.2d 1325, 1329-30 (5th Cir. 1992) ("The suit against [an] individual partner to collect on the judgment against [a] partnership does not rest on an identical obligation, nor does it require readjudication of the [original] claim [against the partnership]."); *Boyte v. Lionhead Holdings,* No. 3:10-CV-1467-D, 2012 U.S. Dist. LEXIS 93721, at *10-11 (N.D. Dallas 2012) (quoting *Mmahat* for the proposition that "[a]

suit to collect on a previously obtained judgment is not based on a common nucleus of operative facts with a prior suit resulting in judgment.")

The sole issue remaining in this case is whether these defendants were in fact the partners of S & J Investments.  *See In re Jones,* 161 B.R. at 184 ("Once the liability of the partnership became fixed, the only issue remaining was whether the Defendants were partners . . . .")  *See also KAO Holdings, L.P.,* 261 S.W.3d at 64 ("[p]artners against whom judgment is sought should be both named and served so that they are on notice of their potential liability and *will have an opportunity to contest their personal liability for the asserted partnership obligation*" [emphasis added]).

In addition, preventing American Star from maintaining suit against the Stowers defendants on the judgment against S & J Investments would frustrate the Legislature's intent by insulating the individual partners from their joint and several liability for partnership's obligations, while encouraging parties to engage in tactics to delay litigation while possibly shedding partnership assets when a party opts under the code to sue only the partnership on a breach of contract claim.  Such a policy will only increase the complexity of suits to enforce partnership obligations.

Based upon my construction of the Legislature's intent with respect to the enactment of sections 152.304(a), 152.305, and 152.306(b)(1) & (2)(A)-(C), I would hold that the claim being asserted by American Star in this cause of action did not accrue until a final judgment was entered against S & J Investments that remained unsatisfied for ninety days after the date on which it was entered.  *See* § 152.306(b)(2)(A)-(C).  As such, I would find that this suit was timely filed in June 2010, and that it is not barred by

13

limitations.  Accordingly, I would sustain American Star's first issue and render judgment granting its motion for partial summary judgment on the Stowers defendants' affirmative defense of limitations.


                                    Patrick A. Pirtle
                                         Justice