

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-11-00199-CV
_____

AMERICAN STAR ENERGY AND MINERALS CORPORATION, APPELLANT

V.

RICHARD W. "DICK" STOWERS, INDIVIDUALLY,
RICHARD W. STOWERS, JR., INDIVIDUALLY, FRANK K. STOWERS,
INDIVIDUALLY, AND LINDA SUE JASURDA, INDIVIDUALLY, APPELLEES

On Appeal from the 84th District Court
Hutchinson County, Texas
Trial Court No. 39,255, Honorable William D. Smith, Presiding

May 14, 2013

## CONCURRING OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

The Court correctly affirms the trial court's take-nothing judgment, based on a limitations defense, in favor of appellees, the individual partners of S & J Investments, in the suit filed by appellant American Star Energy and Minerals Corporation. I join the Court's judgment and its opinion, and write merely to address two points that seem important to me.

First, our Supreme Court's recent opinion in *In re Allcat Claims Serv., L.P.*, 356 S.W.3d 455 (Tex. 2011) (orig. proceeding), does not require reversal of the trial court's judgment. To be sure, as *Allcat* noted, by the Texas Revised Partnership Act (TRPA), the Legislature "unequivocally embrace[d] the entity theory of partnership by specifically stating . . . that a partnership is an entity distinct from its partners." *Id.* at 463 (quoting Tex. Rev. Civ. Stat. Ann. art. 6132b-2.01, (expired Jan. 1. 2010), Comment of Bar Committee—1993).[1] And to be sure, the joint and several liability[2] of partners for obligations of the partnership is an aggregate theory feature.[3] But, just as surely, both in the TRPA and in the current Business Organizations Code, the Legislature retained the joint and several liability of partners as a feature of Texas partnership law. *See* Tex. Rev. Civ. Stat. Ann. art. 6132b-3.04 (expired Jan. 1, 2010); Tex. Bus. Orgs. Code Ann. § 152.304(a) (West 2012).

---

[1] The Texas Uniform Partnership Act (TUPA) expired in 1999. *See* Act of May 9, 1961, 57th Leg., R.S. Ch. 158, 1961 Tex. Gen. Laws 289 (expired January 1, 1999), Act of May 31, 1993, 73rd Leg., R.S., ch. 917, § 2, Sec. 47, 1993 Tex. Gen. Laws 3887, 3912-13. *See Buck v. Palmer,* 381 S.W.3d 525, 528 n.3 (Tex. 2012) (per curiam) (TUPA expired January 1, 1999). TRPA expired on January 1, 2010. Act of May 29, 2003, 78th Leg., R.S., ch. 182, § 1, 2003 Tex. Gen. Laws 267, 592-93. On the expiration of TRPA, the Business Organizations Code applies to all partnerships regardless of formation date. *See Ingram v. Deere,* 288 S.W.3d 886, 894 n.4 (Tex. 2009).

[2] Unlike some states, on its adoption of the Uniform Partnership Act, Texas chose to make partners both jointly and severally liable for both tort and contract obligations of the partnership. *See* Bromberg, *The Proposed Texas Uniform Partnership Act,* 14 S.W.L.J. 437, 445 (1960).

[3] As Prof. Bromberg's comments to the Texas Uniform Partnership Act put it, "If [a partnership] is an entity in the extreme sense, partners would have no personal liability and little would remain to differentiate a partnership from a corporation." Alan R. Bromberg, Commentary on the Texas Uniform Partnership Act, 17 Tex. Rev. Civ. Stat. Ann. art. 6132b 299 (Vernon 1970); *see* II Alan R. Bromberg & Larry E. Ribstein, Bromberg and Ribstein on Partnership § 5.08(c) (Release No. 36, 2013-1 Supp.) ("Entity theory would preclude any liability of partner for partnership obligations").

The Court has referred, slip op. at 4, to the restrictions the Legislature has placed on the ability of a creditor to satisfy a judgment taken against a partner for an obligation of the partnership, restrictions that originated with the TRPA and have been maintained in the current Texas General Partnership Law.[4]  *See* Tex. Rev. Civ. Stat. Ann. art. 6132b-3.05 (expired Jan. 1, 2010); Tex. Bus. Orgs. Code Ann. § 152.306 (West 2012).[5] The dissent sees in those restrictions, now contained in Business Organizations Code § 152.306(b),[6] a legislative intention to distinguish the cause of action against the partnership from that against the partner.  Dissent slip op. at 11 (Pirtle, J., dissenting).  I see no such intention expressed or implied in the provisions of § 152.306.  Moreover, whatever label one chooses to place on the cause of action against the partner to enforce the statutory joint and several liability for obligations of the partnership, it is clear the claimant may both sue individual partners and obtain a judgment against them at the same time as the claimant sues and obtains a judgment against the partnership. Tex. Bus. Orgs. Code Ann. §§ 152.304(a) (joint and several liability); 152.305 (suit against partnership and partners in same action); 152.306(a) (judgment may be entered against served partner in suit against the partnership) (West 2012); *see Kao Holdings, L.P. v. Young*, 261 S.W.3d 60, 63-64 (Tex. 2008) (discussing Tex. Rev. Civ. Stat. Ann. art. 6132b-3.05(c), predecessor to § 152.306(a)).  A cause of action accrues and

---

[4] Tex. Bus. Orgs. Code Ann. § 1.008(f) (West 2012) (providing short titles).

[5] *See also* Tex. Rev. Civ. Stat. Ann. art. 6132b-2.01, Comment of Bar Committee—1993, stating restrictions on satisfaction of judgment against partner "are consistent with the emphasis on the partnership as an entity and give some protection to partners from having to bear (at least initially) a disproportionate share of partnership liability."

[6] Tex. Bus. Orgs. Code Ann. § 152.306 (West 2012).

3

statutes of limitations begin running when facts come into existence authorizing a claimant to seek a judicial remedy. *Provident Life & Accident Ins. Co. v. Knott,* 128 S.W.3d 211, 221 (Tex. 2003).

Secondly, with regard to *In re Jones*, 161 B.R. 180 (Bankr. N.D. Tex. 1993), and its expressed conclusion that under the entity theory "it is logical that a partner has no liability until the partnership liability is established," *id.* at 183, it is worth pointing out the conclusion was contrary to Fifth Circuit authority holding that a direct cause of action existed against a partner who was jointly and severally liable on a partnership obligation. *See Foster v. Daon Corp.*, 713 F.2d 148, 151 (5th Cir. 1983) (applying Texas Uniform Partnership Act); *United States v. Williams*, No. 3:03-CV-2321-D, 2005 U.S. Dist. Lexis 15857 at *11 (N.D. Tex. Aug. 3, 2005) (discussing *Foster*).[7]

James T. Campbell
Justice

---

[7] *See also Head v. Henry Tyler Constr. Corp.*, 539 So.2d 196, 199 (Ala. 1988) (quoting 59A Am.Jur.2d *Partnerships*, § 709 at 590 (1987): "Where partners are considered jointly and severally liable on partnership obligations, establishing personal unlimited liability of partners as individuals, each individual partner thus pursued must be made a party to the action without the necessity of joining all partners in the suit as indispensable parties, nor must the plaintiff bring a prior action against the partnership. A direct right of action exists against the partner."); Brian Martin, Comment, *To What Extent Are Partnership Creditors Afforded More than One Bite at the Same "Apple?": TRPA Section 3.05 and Its Interplay with Principles of Res Judicata, Collateral Estoppel, and Statutes of Limitation,* 51 Baylor L. Rev. 149 (1999).